ILLINOIS TOOL WORKS, INC., APPELLEE, *v.*
LINDLEY, TAX COMMR., APPELLANT.

(No. 81-1575—Decided June 16, 1982.)

*Messrs. Taft, Stettinius & Hollister, Mr. Stephen M. Nechemias, Mr. James H. Brun* and *Mr. G. William Phillips,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Charles M. Steines,* for appellant.

KRUPANSKY, J. Two issues are involved in this appeal. First, whether the value of property owned by the taxpayer and rented to a lessee which uses the property in its trade or business must be included in the computation of the taxpayer's property factor pursuant to R. C. 5733.05(B)(2)(a). Second, whether the sale of treasury bills purchased at discount and subsequently sold at par value must be included in the computation of the sales factor pursuant to R. C. 5733.05 (B)(2)(c).

I.

The formula for computing the property factor is set forth in R. C. 5733.05(B)(2)(a), which provides in relevant part:

"The property factor is a fraction the numerator of which is the average value of the corporation's real and tangible per-

sonal property *owned or rented, and used in the trade or business* in this state during the taxable year, and the denominator of which is the average value of all the corporation's real and tangible personal property owned or rented, and used in the trade or business everywhere during such year. * * *

"(i) Property owned by the corporation is valued at its original cost. Property rented by the corporation is valued at eight times the net annual rental rate. * * * " (Emphasis added.)

The parties agree ITW owns the rental property, but disagree as to whether ITW "uses" the property in its trade or business within the meaning of R. C. 5733.05(B)(2)(a).

ITW argues that since it did not physically use the property in its trade or business, it should not be required to include the property in its property factor; the property was actually used by the lessee which is itself required to include the rental value of the property in its property factor formula pursuant to R. C. 5733.05(B)(2)(a)(i). ITW also notes that not only was the value of the property included in its property factor pursuant to R. C. 5733.05(B)(2)(a), but all the rental income from the property was allocated to this state and included in ITW's franchise tax base pursuant to R. C. 5733.05(B)(1)[1] and 5733.051(A)(2).[2]

We find merit in ITW's arguments in the following reasoning of the Board of Tax Appeals:

"The question then arises: can a lessor and a lessee both 'use' the property in a trade or business at the same time, and therefore have the same property included in each of their

---

[1] R. C. 5733.05 provides, in part:

"(B) the sum of the corporation's net income, during the year or portion thereof preceding the date of commencement of its annual accounting period that includes the first day of January of the tax year, allocated or apportioned to this state as follows:

"(1) The net income allocated to this state as provided by division (A) of section 5733.051 of the Revised Code;"

[2] R. C. 5733.051 provides, in part:

"(A) Net income of a corporation subject to the tax imposed by this chapter shall be allocated and apportioned to this state as follows:

" * * *

"(2) Net rents and royalties from tangible personal property, to the extent such property is utilized in this state, are allocable to this state, if the taxpayer is otherwise subject to the tax provided by this chapter;"

property factor formulas for franchise tax purposes? The Board must read [R. C.] 5733.05(B)(2)(a) in a reasonable manner. Two people cannot each 'own' the same property at 100% of its value, and neither, do we think can a lessor and lessee. * * * It should be noted that the owner/lessor of personal property who rents to an Ohio lessee does not escape taxation on the property, as the income from the property is allocated to Ohio and taxed fully under ORC 5733.051(A)(2) and 5733.05(B)(1). Also, the lessee must include the leased property in his property factor of the franchise tax formula."

The commissioner finds dispositive the definition of "used in business" set forth in R. C. 5701.08, applicable to all of R. C. Title 57, and interpreted by this court in *Commonwealth Plan, Inc.,* v. *Kosydar* (1976), 47 Ohio St. 2d 39, and *Equilease Corp.* v. *Donahue* (1967), 10 Ohio St. 2d 81. *Commonwealth* and *Equilease* held the lessor liable for personal property taxes because personal property owned by the lessor was "used" in a "business" when the property was rented to others. We find these cases, decided under the *personal property tax provisions,* inapplicable to the case *sub judice.* As stated by the Board of Tax Appeals:

" * * * The Board is not unmindful that [R. C.] 5701.08(B) defines 'use in a trade or business,' and that *Equilease* held that leasing of personal property fits within that definition. * * *

"However, the term 'taxpayer' under 5733.05(B)(2)(a) is defined differently than it is under 5711.01(B). Under the personal property tax definition of 5711.01(B), only the legal *owner* of the property is liable for the tax. Under the franchise tax, the property can be attributed to either the owner or lessee. In fact, ORC 5733.05(B)(2)(a)(i) specifically addresses the value of property held by a lessee, and includes that value in the property factor of the lessee. If 5733.05(B)(2)(a)(i) is read in conjunction with the first sentence of 5733.05(B)(2)(a) ('owned or rented, and used in the trade or business'), the term 'rented' in the first sentence can only mean 'rented by the lessee.' To read the term 'rented' in the first sentence any other way would make the term 'owned' superfluous.

" * * * The generalized provisions of 5701.08(B) must

give way to the more particularized requirements of 5733.05 (B)(2)(a). * * * ''

We, therefore, agree with the Board of Tax Appeals that ITW is not required to include the value of the rental property in the computation of its property factor.

## II.

The second issue raised by the commissioner relates to the sales factor calculated pursuant to R. C. 5733.05(B)(2)(c), which provides in relevant part:

"The sales factor is a fraction the numerator of which is the value of business done, measured by sales of *tangible personal property* in this state by the corporation during the taxable year, and the denominator of which is the total value of its business done, measured by sales of tangible personal property by the corporation everywhere during such year. * * *
'' * * *

"Sales, *other than sales of tangible personal property,* are in this state if either:

"(i) The income-producing activity is performed in this state:

"(ii) The income-producing activity is performed both within and without this state and a greater proportion of the income-producing activity is performed within this state than in any other state, based on costs of performance. * * * '' (Emphasis added.)

The commissioner initially contends ITW's sale of treasury bills is not a "sale" within the meaning of R. C. 5733.05 (B)(2)(c), that it is properly characterized as interest income and should, therefore, not be included in the computation of ITW's sales factor. ITW correctly notes, however, this issue was not raised by the commissioner in the notice of appeal to this court. The commissioner's notice of appeal assumes, as did the decision of the Board of Tax Appeals, that the treasury bills were "sold" by ITW. The notice of appeal provides in part: "The *sale,* by Illinois Tool Works, Inc., of discounted bonds at par should have been included in the sales factor * * * ." (Emphasis added.) Accordingly, this issue, viz., whether the earning of interest income is a "sale" within the meaning of the statute, is not properly before this court. See,

*e.g., Cincinnati Bengals* v. *Lindley* (1980), 61 Ohio St. 2d 177, 179.

Under the statute, R. C. 5733.05(B)(2)(c), the sales factor is defined as the value of tangible personal property sales made in Ohio divided by the value of such sales made everywhere. Although the statute provides a method for determining whether "sales, other than sales of tangible personal property" are in this state, there is no mention as to how non-tangible personal property sales enter the sales factor formula. Thus, the statute specifically contemplates that sales of intangible personal property enter into the sales factor, but fails to mention the method for this computation.

The Tax Commissioner's Special Instruction 20 offers some guidance; it provides in relevant part:

"2. Sales Factor of Net Income Basis.

"The sales factor of the net income valuation computation shall include gross receipts from sales not specifically allocated under divisions A(1) through A(7) of Sec. 5733.051, Revised Code.

"A.) The denominator shall contain the total of such gross receipts, less returns and allowances, from sales everywhere;"

Sales of United States treasury bills are not specifically allocated under R. C. 5733.051(A)(1) through (A)(7). The commissioner's Special Instruction 20, therefore, directs the inclusion of such sales in the sales factor.

Since the statute specifically contemplates the entering of intangible personal property sales into the sales factor in some manner, the Board of Tax Appeals found that logic requires intangible property sales be treated the same as tangible property sales, *i.e.*, in-state sales over sales everywhere. Accordingly, the board concluded the sales factor is in-state sales of tangible and intangible personal property over such sales made everywhere. This conclusion appears to be reasonable and lawful.

The commissioner agrees sales of intangible personal property may be included in the sales factor, but argues not every sale of intangible property is includable in the sales factor. The commissioner cites *Westinghouse* v. *Porterfield* (1970), 23 Ohio St. 2d 50, for the proposition that the inclusion of some sales of intangible property distorts the value of the

taxpayer's "business done" in Ohio. The *Westinghouse* case is, however, inapposite because it involved the "net worth" method under R. C. 5733.05(A)(4)(d), not the "net income" method under R. C. 5733.05(B), with which we are concerned in this case. Furthermore, the statute in the *Westinghouse* case did not expressly mention the sale of intangible personal property, whereas the statute in this case specifically contemplates including, in some manner, sales of intangible personal property in the sales factor.

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is therefore affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.