TEAGUE ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* WIAND, APPELLANT AND CROSS-APPELLEE.

(No. 85AP-705 — Decided February 27, 1986.)

*Muenz & Teague, Donald Paul Muenz* and *Rodney B. Teague, pro se.*

*Thomas M. Tyack & Associates Co., L.P.A.,* and *Mark A. Serrott,* for Judith Wiand.

STRAUSBAUGH, J. This is an appeal by defendant from the judgment of the Franklin County Municipal Court in favor of plaintiffs in the amount of $2,195.28 plus interest and costs and from the dismissal of defendant's counterclaim. Also before us is plaintiffs' cross-appeal.

The record indicates that plaintiffs filed their action for attorney fees on January 14, 1985; that on February 20, 1985, defendant filed a demand for a jury of six persons appended to her answer and counterclaim; that on March 19, 1985, defendant made a deposit of $10 for a jury of eight; that on March 21, 1985, plaintiffs filed a reply to defendant's counterclaim; and that on June 4, 1985, the trial court held a pretrial hearing, at which time the court made the following entry:

"Jury fee not timely paid in accordance with court rule. Accordingly, fee for jury to be returned to Defendant and jury demand stricken. PRETRIAL HELD. ASSIGN FOR CT 7/22/85 at 1:30 PM."

The record further shows that the following judgment entry was made July 22, 1985 and filed July 25, 1985:

"Case called for trial. Court steno present. Upon evidence adduced, judgment rendered for Plaintiffs, on Plaintiffs' Complaint, and against Defendant, for the sum of $2,195.28, plus costs and legal interest from this date. Court further finds that Defendant's Counterclaim against Plaintiffs is not supported by the evidence and same is hereby dismissed at Defendant's costs."

It is from this judgment that defendant appeals, setting forth the following three assignments of error:

"I. The trial court erred in sua sponte striking defendant's jury demand some two and one-half months after the defendant had already paid the ten dollar security deposit which had been paid prior to the plaintiffs' reply to defendant's counterclaim which was the last pleading directed to the jury issue.

"A. The record fails, pursuant to Ohio Civil Rules 38 and 39, to affirmatively establish that the defendant waived her right to a jury trial after she had properly demanded and paid a deposit for a jury trial.

"II. The judgment of the trial court must be reversed in that the plaintiffs failed to introduce evidence that the time spent for the services rendered was both reasonable and necessary.

"A. The trial court erred in

substituting his own opinion as to the reasonableness of the fees in the absence of evidence adduced in open court.

"III. The judgment of the trial court is against the manifest weight of the evidence and must be reversed.

"A. The fee arrangement in the case at bar was ambiguous and should have been construed in favor of the client, the defendant."

Plaintiffs have set forth the following single cross-assignment of error:

"The lower court erred when it failed to grant * * * cross-appellants interest from July 3, 1983, the date of fixing the sum certain."

We find that the defendant's first assignment of error is well-taken and that defendant's jury demand should not have been stricken. Loc. R. 6.05 of the Franklin County Municipal Court, providing that failure to advance security for jury costs "within ten days after filing the jury demand required by Civil R. 38(B) shall constitute a waiver of trial by jury," must be read *in pari materia* with Civ. R. 38(B), which provides:

"Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. Such demand shall be in writing and may be indorsed upon a pleading of the party. * * *"

The record in this case indicates that the $10 deposit was paid *before* the filing of the last pleading and therefore was filed within rule. Defendant's first assignment of error is sustained.

With respect to defendant's second and third assignments of error, we find no abuse of discretion demonstrated on the part of the trial court, nor do we find the judgment against the manifest weight of the evidence. Even if there were error with respect to the second assignment of error, such error would not be prejudicial in view of our ruling upon the first assignment of error. Defendant's second and third assignments of error are overruled.

With respect to plaintiffs' cross-assignment of error, we find that the trial court did not err inasmuch as the amount of the judgment was clearly in dispute between the parties. Plaintiffs' cross-assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is reversed, and this cause is remanded based upon defendant's first assignment of error.

*Judgment reversed*
*and cause remanded.*

MOYER, P.J., and REILLY, J., concur.