COLUMBIA PROPERTIES, INC. [WALLICK CONSTRUCTION COMPANY] ET AL.,
APPELLANTS, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Columbia Properties, Inc. *v.* Limbach (1989),
42 Ohio St. 3d 75.]

(No. 88-172—Submitted February 15, 1989—Decided April 19, 1989.)

*Chamblin & Snyder* and *Larry H. Snyder,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

*Per Curiam.* The franchise tax is levied on corporations for the privilege of doing business in Ohio, R.C. 5733.01, at the greater amount calculated on either the net worth or the net income basis. R.C. 5733.06. This case involves the net income basis.

Under R.C. 5733.05(B), net income is either allocated to Ohio according to the situs of the property that generated the income or apportioned to Ohio according to a formula that assigns to

Ohio that portion of the corporation's total net income derived from the corporation's business activity in Ohio. Under R.C. 5733.051(A)(1) (now R.C. 5733.051[A]), rental income from real estate located in Ohio is allocated to Ohio. Income that cannot be allocated is apportioned to Ohio under R.C. 5733.05(B)(2). R.C. 5733.051(A)(8) (now R.C. 5733.051[H]).

Under R.C. 5733.05(B)(2), the combined corporations' net income was apportioned to Ohio, during the taxable year herein, by multiplying the corporations' apportionable net income by a fraction, the numerator of which was the property factor, the payroll factor, and the sales factor, and the denominator of which was three. R.C. 5733.05(B)(2)(a) prescribes computation of the property factor. It states:

"The property factor is a fraction the numerator of which is the average value of the corporation's real and tangible personal property owned or rented, and used in the trade or business in the state during the taxable year, and the denominator of which is the average value of all the corporation's real and tangible personal property owned or rented, and used in the trade or business everywhere during such year.* * *"

Wallick argues that this statute requires it to include all its owned property that it uses in its trade or business in its property factor. Since, according to Wallick, Southeast uses the rental property in its business of operating the apartment complex, such property is includable in the property factor. Wallick maintains that it is immaterial that the property's rental income was allocated to Ohio under R.C. 5733.051 (A)(1). The commissioner contends that, under *Illinois Tool Works, Inc.* v. *Lindley* (1982), 70 Ohio St. 2d 175, 24 O.O. 3d 280, 436 N.E. 2d 220, rental property should not be included in an owner-lessor's property factor because the rental income has already been allocated to Ohio under R.C. 5733.051 (A)(1) and because the property should be included in the lessee's property factor.

Initially, we find the statute to be clear: The average value of property is included in the property factor if it is owned or rented by the taxpayer and it is used in the taxpayer's business. As to the commissioner's contention, *Illinois Tool Works, supra,* is distinguishable. In *Illinois Tool Works,* ITW, an owner-lessor of tangible personal property, sought to exclude from its property factor the average value of the property that it rented to a lessee. This court approved the request, reasoning that a lessor and a lessee could not both use the same property in a trade or business at the same time, and that, therefore, the party that actually used the property in its trade or business should include the property's average value in its property factor.

Here, Southeast, the owner-lessor, uses the property in its apartment rental business, but the lessees may not. Under the federal regulations for financing these apartments, the property may not be used for commercial purposes. In *Illinois Tool Works,* it was the lessee, and not the owner-lessor, that used the property in its trade or business. Here, since Southeast actually uses the property in its business and the lessees do not, Southeast, and hence Wallick, should include the rental property in its property factor.

Therefore, the decision of the BTA is unlawful and is, hereby, reversed.

*Decision reversed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.