ABBOTT, Appellee,

v.

POTTER, Appellant.

[Cite as *Abbott v. Potter* (1992), 78 Ohio App.3d 335.]

Court of Appeals of Ohio,
Jackson County.

No. 663.

Decided Feb. 20, 1992.

*William S. Cole*, for appellee.

*Mary Bone Kunze*, for appellant.

GREY, Judge.

This case, an appeal from the Jackson County Court of Common Pleas, Juvenile Division, presents a single issue: When must the defendant make a demand for a jury trial?

This action began on September 14, 1988 with the filing of a complaint by Debra Abbott, appellee, alleging that Joe Potter, appellant, was the father of her child, Ginetta. Potter filed an answer on October 31, 1988, denying paternity and endorsed thereon was a written demand for a trial by jury. Various pretrial procedures, blood tests, etc. took place over the next two years. On February 14, 1990, Potter paid a $300 deposit for costs for the jury trial, but the record is not clear why it was paid at that time.

Eventually, on October 11, 1990, Abbott notified the court the case was ready and requested that it be set for trial. The next day, the court set the trial date for December 17, 1990. The demand for a jury trial was not renewed within three days of the entry setting the case for trial. On December 6, 1990, counsel for Potter, apparently realizing the court intended to try the case without a jury, filed an objection with the court. Counsel argued that having complied with Civ.R. 38(B) on jury demands, Potter was entitled to a trial by jury. The trial court, apparently relying on Abbott's citation of R.C. 3111.12(D) as authority, overruled the objection and the case was tried to the court. Potter was found to be the father, and appeals designating one assignment of error:

"The trial court erred to the prejudice of the defendant-appellant in denying said defendant-appellant his right to a trial by jury, as provided by Chapter

3111 of the Ohio Revised Code and also provided by the Constitution of the State of Ohio."

■ The issue in this case is to what extent do the Civil Rules apply to paternity actions, which are special statutory proceedings. This court has ruled that the Civil Rules do apply to paternity actions in *Lent v. Stull* (Feb. 24, 1982), Washington App. No. 81 X 7, unreported, 1982 WL 3385, unless otherwise specified. Although *Lent* dealt with the former bastardy action statute, we follow our holding in that case that the Civil Rules do apply to the current paternity statutes because it is well established that the Civil Rules apply to *all* actions except to the extent that they would be inapplicable to a special statutory proceeding. In construing the applicability of Civ.R. 1(C), the Ohio Supreme Court said in *Price v. Westinghouse Elec. Corp.* (1982), 70 Ohio St.2d 131, 132, 24 O.O.3d 237, 238, 435 N.E.2d 1114, 1115:

"Civ.R. 1 is clearly a rule of inclusion rather than exclusion. 4 Anderson's Ohio Civil Practice 46, Section 147.03. To the extent that the issue in question is procedural in nature, the Civil Rules should apply unless they are 'clearly inapplicable.' *Housing Authority v. Jackson* (1981), 67 Ohio St.2d 129 [21 O.O.3d 81, 423 N.E.2d 177]."

See, also, *State ex rel. Stevenson v. Murray*, (1982), 69 Ohio St.2d 112, 23 O.O.3d 160, 431 N.E.2d 324, where it was held that paternity actions are governed by the procedure for trials in civil actions.

The time for a jury demand is set out in Civ.R. 38(B) as follows:

"Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. Such demand shall be in writing and may be indorsed upon a pleading of the party. If the demand is indorsed upon a pleading the caption of the pleading shall state 'Jury Demand Endorsed Hereon.'"

R.C. 3111.12(D), however, provides as follows:

"Any party to an action brought pursuant to sections 3111.01 to 3111.19 of the Revised Code may demand a jury trial by filing the demand within three days after the action is set for trial. If a jury demand is not filed within the three-day period, the trial shall be by the court."

Since the paternity statute sets out a specific requirement for filing a jury demand, we find that the statute is controlling to the extent it does not clearly conflict with the Civil Rules. While under the rules a party has the right to request a jury trial up to fourteen days after the last pleading, but only has three days to do so under the statute, we do not find such a restriction so

egregious as to hold that the three-day limit is clearly inapplicable. Thus, we find that the trial court did not err in its reliance on R.C. 3111.12.

■ We do find, however, that the trial court erred in its construction of that statute, which says, "Any party * * * may demand a jury trial by filing the demand within three days after the action is set for trial." It goes on to add, "If a jury demand is not filed within the three-day period, the trial shall be by the court." Appellee argues that the three days is a kind of window of opportunity like a space shuttle shot, and that the demand may be filed only during that time. The word "within," however, often means "no later than" especially when it is used in conjunction with time periods, as for example, one might say an action for personal injury must be brought within two years.

We believe that the legislature intended "within three days" to mean no later than three days. We adopt this construction for several reasons. A primary consideration is Section 5, Article I of the Ohio Constitution, which states: "The right of trial by jury shall be inviolate * * *." That very language is repeated in Civ.R. 38(A): "The right to trial by jury shall be preserved to the parties inviolate." See, also, the discussion in *Stevenson, supra,* where the Ohio Supreme Court recognized the importance of the right to a jury trial, and *Dice v. Akron, Canton, Youngstown RR.* (1952), 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398, where the United States Supreme Court also emphasized the substantive right to a jury trial vis-a-vis procedural rules.

There are procedures which must be followed in order to obtain a jury trial and such requirements have been upheld because they are reasonable and necessary for the court to arrange its docket, *Cassidy v. Glossip* (1967), 12 Ohio St.2d 17, 41 O.O.2d 153, 231 N.E.2d 64, or to secure a deposit for costs, *Teague v. Wiand* (1986), 28 Ohio App.3d 48, 28 OBR 59, 501 N.E.2d 1236. Generally, the procedural requirements have been upheld as being necessary for the courts to properly function, to grant jury trials to those who request them, not to be an impediment or excuse for denying the right to a jury trial.

We believe the legislature had a similar intent. It did not intend to make jury demands by putative fathers difficult, or almost impossible.

Were we to accept appellee's construction of the statute every time there was a continuance and a new trial date set, a new jury demand would have to be filed. Indeed, we would have the same kind of anomalous result we have in this case where the pretrial procedures drag on over two years, yet the defendant is given only three days in which to consult with his attorney, make a decision on a jury trial, and file with the court. We can see no legislative purpose which is served by adopting a procedure to restrict jury trials in paternity cases. It is a cardinal rule of statutory construction that if the language of a statute is open to two interpretations and one will lead to

unreasonable or unconstitutional results, while the other is in accord with the general tenor of the law, the court will adopt the more reasonable interpretation.

Thus, we find that "within three days" as used in R.C. 3111.12(D) means no later than three days. Obviously, appellant Potter's demand for a jury trial and payment of a deposit for costs which were made months before the case was set for trial are timely. The trial court erred in failing to grant Potter his right to a jury trial. Appellant's assignment of error is well taken and sustained.

The judgment of the trial court is reversed and this cause is remanded for a jury trial.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, J., concurs.

HARSHA, J., concurs separately.

HARSHA, Judge, concurring.

I concur in the judgment reversing the trial court's entry, but for the following reasons. Initially, I note that there is some issue as to the appealability of the court's December 31, 1990 entry where the issue of child support was not resolved. See *Tismo v. Tismo* (Aug. 28, 1990), Lawrence App. No. 1917, unreported, 1990 WL 127064; but, see, *Shull v. Shull* (July 31, 1991), Greene App. No. 89CA89, unreported, 1990 WL 115983. Assuming a final, appealable order, I agree that the trial court erred in refusing to hold a jury trial.

In *Smyth v. Shyne* (Oct. 18, 1991), Montgomery App. No. 12778, unreported, 1991 WL 216404, the Second Appellate District held as follows in resolving the same issue regarding the conflict between R.C. 3111.12(D) and Civ.R. 38(B):

"In 1982 the General Assembly adopted a modified version of the Uniform Parentage Act which completely replaced the former provisions relating to paternity proceedings. * * * Included within its provisions was R.C. 3111.12 which provided that any party could demand a jury trial by the filing of the demand within three days after the action was set for trial.

"The 1968 Modern Courts Amendment Art. IV, Sec. 5(B) provides in pertinent part:

" 'The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any

substantive right * * *. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.'

" * * *

"We agree with the appellant that the right of a jury trial is a substantive right, but the manner of exercising that right is essentially procedural and is, pursuant to the Ohio Constitution, controlled by the civil rules, namely Civ.R. 38(B).

" * * *

"[W]e find R.C. 3111.12 as it relates to the procedure of demanding a jury trial is ineffectual in the fact [*sic*] of the Modern Courts Amendment * * *."

I am persuaded that the reasoning in *Smyth* is correct. Therefore, I disagree with the majority's conclusion that R.C. 3111.12 controls. Nevertheless, since appellant filed a timely jury demand pursuant to Civ.R. 38(B), a reversal is warranted. I additionally note that merely because appellant failed to renew his jury demand in his amended answer does not waive this issue. *Cincinnati Ins. Co. v. Gray* (1983), 7 Ohio App.3d 374, 7 OBR 474, 455 N.E.2d 1080. Hence, I concur in the reversal.