[Cite as *In re Name Change of Rowe*, 2019-Ohio-4666.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| NAME CHANGE OF: | : | Case No. 18CA3837 |
| | : | |
| LANDYN LEE ROWE | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| | : | |

_____

APPEARANCES:

George L. Davis, IV, and George L. Davis, III, George L. Davis, III., Co., L.L.C., Portsmouth, Ohio, for Appellant Bruce L. Fulk.

Michael H. Mearan, Michael H. Mearan, LLC, Inc., Portsmouth, Ohio, for Appellee Danielle Rowe.

_____

Smith, P.J.

{¶1} Bruce L. Fulk appeals the May 2, 2013 judgment entry of the Scioto County Common Pleas Court - Probate Division, which granted Danielle Nichole Rowe's application for name change of their minor son and ordered that the child's surname be changed to Rowe's surname. Fulk asserts that the trial court erred by granting the name change because Fulk was never served notice of the hearing on the name change application and thus, the trial court lacked personal jurisdiction in the matter. For the reasons which follow, we disagree with Mr. Fulk. As such, we overrule the sole assignment of error and affirm the judgment of the trial court.

FACTS

{¶2} The record reflects that on February 1, 2013, Danielle Nichole Rowe, "Mother," filed an Application for Change of Name of Minor in the Scioto County Common Pleas Court - Probate Division. She requested that her son "L.L.F.'s" name be changed to "L.L.R," which would be changing the child's name from Fulk's, "Father's" surname, to her surname. On the application, Mother listed only Father's name and did not supply an address. Mother checked a box that stated, "Applicant states that the address of the father or alleged father is unknown and cannot with reasonable diligence be ascertained." As to the reason the name change was requested, Mother stated: "Child has had no contact with biological father [Bruce] for three years. December 28, 2009." The matter was assigned to the probate court magistrate.

{¶3} Mother was sent notice of hearing on the matter and given a hearing date of April 22, 2013. Contemporaneously, the court sent Mother a letter acknowledging the hearing date and enclosing a publication form. Mother was advised that she was responsible for the publication and submitting proof of publication to the court. Mother was specifically advised that publication must be published once, at least 30 days prior to the hearing date.

{¶4} The record reflects that the hearing on the application was apparently changed to May 2, 2013.  The record next reflects the filing of a Certificate and Affidavit of Publication, along with a newspaper clipping from the Scioto Voice, a Scioto County newspaper of general circulation.  The notice was set forth as follows:

**PROBATE COURT OF SCIOTO COUNTY, OHIO**
**Judge James W. Kirsch**

**IN RE: CHANGE OF NAME OF [minor child's name]**

**TO[REQUESTED NAME]**

**CASE NO. 20137009**

**NOTICE OF**
**HEARING ON CHANGE OF NAME**

Applicant hereby gives notice to all interested persons and to Bruce Lee Fulk, whose last known address is Wheelersburg, Ohio, that the applicant has filed an Application for Change of Name in the Probate Court of Scioto County, Ohio, requesting the change of name of [L.L.F. to L.L.R.].

The hearing on the application will be held on the 2nd day of May 2013, at 9:45 o'clock, a.m. in the Probate Court of Scioto County, located at 602 7th Street, Portsmouth, Ohio 45662.

**Please publish March 28, 2013.**

The certificate was signed by Debbie Allard and was notarized by another person on March 28, 2013. The Certificate itself was filed with the probate court on May 2, 2013.

{¶5} The next pleading in the court file is the appealed-from entry, also file-stamped May 2, 2013, granting the name change. This entry simply states: "On 4/22/13 an application for change of name was heard by this Court." The date was printed by hand in the blank.

{¶6} The next pleading in the court file, a notice of appearance of the undersigned counsel on behalf of Father, is file-stamped June 19, 2015. On that date and through his attorney, Father filed a Motion for Relief from Judgment. Father argued that the judgment entry granting the change of name was null and void because the Court never obtained personal jurisdiction over him. Father first asserted that Mother failed to demonstrate that she used reasonable diligence to ascertain Father's address before resorting to service by publication, pursuant to Civ. R. 4.4(A)(1). Father's second assertion was that Mother failed to fully comply with Civil Rule 4.4 as mandated by cases from other appellate districts.

{¶7} No further filings occurred until April 17, 2017, when Father filed a pleading captioned: "Information to the Court." The pleading notified that a parentage action in the Scioto County Court of Common Pleas - Domestic

Relations Division had concluded, and Father had been established as legal father of the minor child. The pleading further requested that a hearing or status conference be scheduled in the Probate Court upon Father's Motion for Relief from Judgment which had been pending nearly two years. A hearing was thereafter scheduled for September 14, 2017.

{¶8} The probate court hearing date was rescheduled several times. On December 21, 2017, Father filed a Motion to Vacate Void Judgment. On January 2, 2018, Father filed a Motion to Dismiss the initial application for change of name. Both motions incorporated Father's jurisdictional arguments. The court scheduled a hearing date of February 7, 2018, for the "change of name and all pending motions." This date was again continued and eventually rescheduled for July 18, 2018.

{¶9} However, on May 21, 2018, Father filed a notice of appeal of the May 2, 2013 judgment entry granting the name change. Father alleged that he was never served the judgment entry and therefore his 30-day period to appeal had never commenced. Father also filed a notice to the court reporter, advising that no transcript was being requested as there was no recording of the underlying proceedings. Father also filed a motion to vacate the July 18, 2018 hearing date.

{¶10} Father's appellate brief was filed June 27, 2018.  Mother's brief was filed July 30, 2018.  On the same date, Mother also filed a Motion to Dismiss the appeal.  Father's reply brief was filed August 9, 2018.

{¶11} On September 19, 2018, this court filed an entry which indicated Mother had filed a motion to dismiss the appeal.  Our entry denied the motion and remanded the matter for the purpose of deciding the Motion to Vacate Void Judgment.  The trial court then scheduled the matter for a hearing on December 5, 2018.

{¶12} The next pleading in the record is a magistrate's order issued from this court and dated January 16, 2019.  This order acknowledged our earlier remand to resolve the issue of the Motion to Vacate Void Judgment.  The order indicated that no further action had been taken on the appeal and ordered Father to file a status report regarding the matter.

{¶13} On January 25, 2019, Father filed the status report.  The report stated as follows:  "It is respectfully submitted that no action has been taken by the Probate Court, although a Status Conference was held on December 5, 2018.  It ended without a resolution."  On March 14, 2019, Father filed a Notice of Voluntary Dismissal, Civ.R. 41(A)(1)(a) of both the Motion for Relief from

Judgment and the Motion to Vacate Void Judgment. The case was thereafter returned to this court's active docket.

ASSIGNMENT OF ERROR

"I. THE TRIAL COURT ERRED BY GRANTING THE NAME CHANGE OF THE MINOR CHILD BECAUSE THE FATHER WAS NEVER SERVED, THE TRIAL COURT LACKED PERSONAL JURISDICTION, AND THE UNDERLYING ORDER IS THEREFORE VOID."

TIMELINESS OF APPEAL

{¶14} As indicated above, the judgment entry granting Mother's application for change of name is file-stamped May 2, 2013. Despite filing various motions in the trial court beginning in 2015, Father's notice of appeal is file-stamped May 21, 2018. However, Father asserts that the trial court's record indicates he was never served a copy of the judgment entry granting the name change in accordance with Civ.R. 58(B), which outlines the proper procedure to court clerks for entering judgment upon the journal and serving the parties.

{¶15} In *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.,* 141 Ohio St. 3d 542, 2015-Ohio-241, 26 N.E. 3d 806, the Supreme Court of Ohio held that the 30–day time period to file a notice of appeal begins upon service of notice of the judgment and notation of service on the docket by the clerk of courts regardless of *actual* knowledge of the judgment by the parties. (Emphasis added.) *Id*. at syllabus. *See also*, *Matter of E.S.,* 4th Dist. Pickaway No. 17CA17, 2018-

Ohio-1902, at ¶¶ 18-22.  While Father apparently had actual notice of the journal entry as early as 2015, Father is correct in that the Ohio Supreme Court has spoken regarding the lack of significance of actual knowledge when establishing the 30-day time period to file notice of appeal.  Thus, we consider Father's appeal to be timely.

STANDARD OF REVIEW

{¶16} " 'An appellate court reviews a trial court's determination of whether personal jurisdiction over a party exists under a de novo standard of review.' " *Britton v. Britton,* 4th Dist. Washington No. 18CA10, 2019-Ohio-2179, at ¶ 13, quoting, *State ex rel. Athens Cty. Dept. of Job & Family Servs. v. Martin*, 4th Dist. Athens No. 07CA11, 2008-Ohio-1849, ¶ 13.  Also, " '[w]hether the trial court applied the correct legal standard is a legal issue that we review de novo.' "  *E.W. v. T.W.,* 10th Dist. Franklin No. 16AP-88, 2017-Ohio-8504, ¶ 13, quoting *Martin v. Mahr Machine Rebuilding, Inc.,* 11th Dist. Lake No. 2015-L-101, 2017-Ohio-1101, ¶ 14.  However, "[a] reviewing court will not disturb a trial court's finding regarding whether service was proper unless the trial court abused its discretion." *Beaver v. Beaver,* 4th Dist. Pickaway No. 18CA5, 2018-Ohio-4460, ¶ 8.  "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *State ex rel. Wegman v. Ohio Police & Fire Pension Fund,* 155

Ohio St.3d 223, 2018-Ohio-4243, 120 N.E.2d 786, ¶ 15.  We are mindful, however, that no court has the authority, within its discretion, to commit an error of law.  *State v. Landrum,* 4th Dist. Ross No. 17CA3607, 2018-Ohio-1280, at ¶ 10; *2–J Supply Co. Inc. v. Garrett & Parker, LLC,* 4th Dist. Highland No. 13CA29, 2015-Ohio-2757, ¶ 9.

## LEGAL ANALYSIS

**{¶17}** Father argues that he was never served notice of the May 2, 2013 hearing on Mother's application for change of name and that the trial court therefore lacked personal jurisdiction over him.  Father asserts that the publication notice, which Mother effected pursuant to R.C. 2717.01, proceedings for change of name, was defective for various reasons.  Father asserts that the publication notice did not contain all the required content; the publication was not made the required number of times; and, that Mother made no other efforts at service prior to attempting it by publication.  Father also points out Mother did not submit an affidavit to the probate court detailing what efforts she made to ascertain Father's address.  For these reasons, Father concludes that the trial court lacked jurisdiction over him and requests this court reverse the judgment of the trial court and restore the minor child's original name.

{¶18} In response, Mother has pointed out that the cases Father cites from other Ohio appellate districts involve factual scenarios in which the whereabouts of the non-consenting parent were known. Because Father's address was unknown at the time the application was filed, Mother concludes that publication notice was sufficient.

{¶19} The Supreme Court of Ohio has observed:

It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court.

M*aryhew v. Yova,* 11 Ohio St.3d 154, 156, 464 N.E. 2d 538 (1984).

{¶20} We begin with a review of the name change statute, R.C. 2717.01, which provides in pertinent part:

(B) An application for change of name may be made on behalf of a minor by either of the minor's parents, a legal guardian, or a guardian ad litem. When application is made on behalf of a minor, in addition to the notice and proof required pursuant to division (A) of this section, the consent of both living, legal parents of the minor shall be filed, or notice of the hearing shall be given to the parent

or parents not consenting by certified mail, return receipt requested.
If there is no known father of the minor, the notice shall be given
to the person who the mother of the minor alleges to be the father.
If no father is so alleged, or *if either parent or the address of either
parent is unknown, notice pursuant to division (A) of this section
shall be sufficient as to the father or parent.* (Emphasis added.)

R.C. 2717.01 (A)(2) states:

Except as provided in division (A)(4) of this section,[1] notice of
the application shall be given once by publication in a newspaper
of general circulation in the county at least thirty days before the
hearing on the application. The notice shall set forth the court in
which the application was filed, the case number, and the date and
time of the hearing. (Emphasis added.)

{¶21} Father has directed our attention to and urges our reliance upon *In re Randolph,* 11th Dist. Trumbull Nos. 2003-T-0017, 2003-T-0018, 2005-Ohio-414, and *In re Name Change of Denny,* 6th Dist. Lucas No. L-05-1134, 2005-Ohio-5023, both of which involve the name change of a minor and the issue of the sufficiency of notice by publication.  In these cases, the appellate courts looked to the Civil Rules of Procedure, in particular, Civ.R. 4.4(A), residence unknown. More recently in *In re W.A.G.,* 2017-Ohio-2997, 91 N.E. 3d 225, the Seventh District has analyzed the interrelated issues of service pursuant to R.C. 2717.01 and Civ.R. 4.4.  That court explicitly held:  "We agree with the reasoning from our

---

[1] The language of (A)(4) relates to the procedure for notice when applicant's personal safety is at stake, language not relevant to this appeal.

sister districts and find it to be persuasive authority for holding Civ.R. 4.6.

applicable to R.C. 2717.01(B) when certified mail is returned unclaimed.

{¶22} Civil Rule 4.4(A), residence unknown, provides:

(1) Service by Publication in a Newspaper.  Except in an action or proceeding governed by division (A)(2) of this rule, when service of process is required upon a party whose residence is unknown, service shall be made by publication in actions where such service is authorized by law.  Before service by publication can be made, an affidavit of the party requesting service or that party's counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the party to be served is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the party to be served, and that the residence of the party to be served cannot be ascertained with reasonable diligence.

Upon the filing of the affidavit, the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the action or proceeding is filed.  If no newspaper is published in that county, then publication shall be in a newspaper published in an adjoining county.  The publication shall contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown.  The publication also shall contain a summary statement of the object of the pleading or other document seeking relief against a party whose residence is unknown, a summary statement of the demand for relief, and shall notify the party to be served that such party is required to answer or respond either within twenty-eight days after the publication or at such other time after the publication that is set as the time to appear or within which to respond after service of such pleading or other

document. *The publication shall be published at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by law.* (Emphasis added.) Service of process shall be deemed complete at the date of the last publication.

After the last publication, the publisher or its agent shall file with the court an affidavit showing the fact of publication together with a copy of the notice of publication. The affidavit and copy of the notice shall constitute proof of service of process.

{¶23} While the decisions in *Randolph, Denny,* and *W.A.G.* applied Civil Rule 4 to reach their end results, we are mindful that these decisions are only persuasive authority. In *Matter of H.C.W.,* 2019-Ohio-757, 123 N.E.3d 148, also persuasive authority, the Twelfth District recently summarily described the name change proceeding as requiring only "publication in a newspaper of general circulation * * * at least 30 days prior to the hearing on the application." *Id*. at ¶ 16. Given that jurisdiction was not at issue in the Twelfth District decision and did not require analysis of the interplay of the statutory law and the Civil Rules of Procedure, our analysis has begun with the acknowledgment that an R.C. 2717.01 proceeding to change a name is a special statutory proceeding. The question arises, therefore, as to what extent the Civil Rules, in particular Civil Rule 4, apply to the name change proceeding.

{¶ 24} Article IV, Section 5(B) if the Ohio Constitution provides: "The supreme court shall prescribe rules governing practice and procedure in all courts

of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." *Ferguson v. State,* 151 Ohio St. 3d 265, 2017-Ohio-7844, 87 N.E.3d 1250, at ¶ 20. This constitutional provision recognizes that "where conflicts arise between the Civil Rules and the statutory law, the rule will control the statute on matters of procedure and the statute will control the rule on matters of substantive law." *Boyer v. Boyer,* 46 Ohio St.2d 83, 86, 346 N.E.2d 286 (1976).

{¶25} Civ.R. 1(C), however, limits the preemptive reach of the Civil Rules:

These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules. Civ.R. 1(C) thus acknowledges that the General Assembly may create procedural rules for special statutory proceedings that would make a civil rule "clearly inapplicable." There are two considerations in determining whether the Civil Rules do not apply: whether the procedural statute governs a special statutory proceeding and whether that statute renders the civil rule at issue "clearly inapplicable."

*Ferguson, supra,* at ¶ 21.

{¶26} In the course of our review of Civ.R. 4, the 1971 Staff Notes to

4.4(A) lend additional guidance. We recognize that staff notes are completely

unofficial statements; however, the Staff Notes discussing amendment of the rule

at that time provide as follows:

> The fourth sentence of subdivision (A), also amended, provides: "The publication shall be published at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by law." The underlined language of the amended provision is intended to preserve the shorter publication times set forth by law in a number of special statutory proceedings.

The Staff Notes continue, explicitly referencing R.C. 2717.01 as follows:

> Thus, § 2717.01, R.C., governing proceedings to change the name of a person, provides that service by publication is satisfied "by one publication in a newspaper of general circulation.…" Hence, although amended Rule 1(C) now generally permits the application of the Civil Rules to special statutory proceedings to the exclusion of specific provisions within a special statutory proceeding, nonetheless, Rule 4.4(A), as amended, states that a specific provision of a special statutory proceeding which provides for publication for less than six weeks shall prevail.

{¶27} This court has previously addressed the issue as to what extent

do the Civil Rules apply to special statutory proceedings in *Abbott v. Potter,* 78

Ohio App. 3d 335, 604 N.E. 2d 804 (4th Dist. 1992). *Abbott* involved a paternity

action. In construing the applicability of Civ.R. 1(C), we looked to the Supreme

Court of Ohio's opinion in *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d 131,

132, 435 N.E.2d 1114, 1115, (1982), which observed:

> Civ.R. 1 is clearly a rule of inclusion rather than exclusion. 4 Anderson's Ohio Civil Practice 46, Section 147.03. Civ.R. 1(C)(8) provides that a civil rule shall not apply to special statutory proceedings to the extent that it would "by its nature be clearly inapplicable." *Antoun v. Shelly Company,* 2017-Ohio-4387, 93 N.E. 3d 186, at ¶ 18, quoting, *Price* at 133, 435 N.E.2d 1114.

{¶28} The issue in *Abbott* concerned the appellant's right to trial by jury. This court noted the language of Civ.R. 38(B) provided for a jury demand at "any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue." At that time, the relevant statute, R.C. 3111.12(D), however, provided that "[a]ny party to an action brought pursuant to sections 3111.01 to 3111.19 of the Revised Code may demand a jury trial by filing the demand within three days after the action is set for trial."[2] We reasoned as follows:

> Since the paternity statute sets out a specific requirement for filing a jury demand, we find that the statute is controlling to the extent it does not clearly conflict with the Civil Rules. While under the rules a party has the right to request a jury trial up to fourteen days after the last pleading, but only has three days to do so under the statute, we do not find such a restriction so egregious as to hold that the three-day limit is clearly inapplicable. Thus, we find that the trial court did not err in its reliance on R.C. 3111.12.[3]

---

[2] R.C. 3111.421, effective March 22, 2001, provides that "except to the extent that the provision of the Rules of Civil Procedure are clearly inapplicable, notice and order shall be sent in accordance with the provisions of the Rules of Civil Procedure that govern service of process."

[3] In *Potter,* however, we went on to find that the trial court erred in its construction of the pertinent statute. We discussed the importance of the right to trial, the legislative intent of the statute, and the language of the statute, which was open to two interpretations, ultimately adopting the more reasonable interpretation.

{¶29} Based on the foregoing, we conclude that Mother need not have resulted to the Civil Rules regarding service by publication because Mother's application is a special statutory proceeding. While Civ.R. 1(C) generally permits application of the Civil Rules to special statutory proceedings, the specific provision of R.C. 2717.01 providing for one publication in a newspaper of general circulation must prevail. In this case, Mother filed her application with the probate court on February 1, 2013. On the application, she checked the box which indicated that "[F]ather or alleged father is unknown and cannot with reasonable diligence be ascertained."

{¶30} The version of R.C. 2717.01, effective September 30, 2011, at the time Mother filed her application, contains language identical[4] to that which became effective on March 22, 2013. This was prior to the hearing on Mother's application which actually occurred on May 2, 2013. As set forth above, the record reflects that the probate court sent Mother a letter on February 8, 2013, advising her as to her responsibility for publication at least once thirty days prior to the hearing date and for providing proof of the same.

{¶31} While Father argues that Mother's publication notice violated numerous requirements of Civ.R. 4.4., Father does concede that Mother's notice was compliant with R.C. 2717.01, and our review supports that conclusion. Based

---

[4] The language is identical except as indicated above in footnote 1.

on our de novo review, we find the trial court did not abuse its discretion when it found that service on Father was proper and subsequently held the name change hearing.

{¶32} In his reply brief, Father also vaguely contends that Mother did not provide the correct date. A quick review demonstrates that the correct date was provided in the publication notice. However, the Judgment Entry - Change of Name of Minor, contains a hand-printed date of 4/22/2013 filled in the blank which informs of the date the hearing was heard by the court. Given that the publication notice satisfied the requirements of R.C. 2717.01, and the record contains a correspondence advising Mother of the correct date, we consider the wrong date on the judgment entry to be a simple scrivener's error.

{¶33} As alluded to above, no recording of the change of name hearing exists for Father to have provided to this court. Many times we have stated:

> [W]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record and the appellant has provided no acceptable alternative to a transcript, " 'the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.' " *Redmond v. Wade,* 4th Dist. Lawrence No. 16CA25, 2017-Ohio-7192, at ¶ 16, quoting, *Henley v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 16AP–168, 2016–Ohio–5593, at ¶ 7, quoting *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); e.g., *Lowery v. Bradley,* 4th Dist. Ross No. 16CA3532, 2017–Ohio–1273, ¶ 8.

Having no transcript of the name change hearing to review, we therefore presume the validity of the lower's court's proceedings.

{¶34} Based on the foregoing, we find service of notice by publication was proper and the trial court did not err in conducting the name change hearing in Father's absence. As such, we find no merit to Father's arguments. Accordingly, we overrule the sole assignment of error and affirm the judgment of the trial court. However, we direct the trial court to correct the Judgment Entry - Change of Name of Minor, with a nunc pro tunc entry reflecting the correct hearing date.

**JUDGMENT AFFIRMED WITH INSTRUCTIONS.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED WITH INSTRUCTIONS.  Costs assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court Probate Division to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:   _____
        Jason P. Smith, Presiding Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**