DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Lucas County Court of Common Pleas, Probate Division, vacating a name change of a minor child.
 {¶ 2} Appellee, Jon M. Denny, and appellant, Melissa A. Dooley, are the parents of the minor child, Elizabeth K. Denny. On May 29, 2003, appellant petitioned the court to change Elizabeth's surname from Denny to Dooley. Accompanying the application for a name change was appellant's affidavit in which she averred that appellee's address was unknown and could not, "with reasonable diligence be ascertained." Pursuant to R.C.2717.01(B), notice of the hearing on appellant's application was had by publication. On July 30, 2003, appellant's application was granted.
 {¶ 3} On December 13, 2004, appellee moved to vacate the judgment granting a name change. Appellee argued that he had not been notified of the proposed name change and that appellant's averment that his address was unknown and that his whereabouts could not be ascertained was patently false and constituted a fraud upon the court. Appellee supported this assertion with his own affidavit, stating that he was under a child support order for the child; he had moved in January 2003, but appellant knew his previous address and mail was forwarded; appellant knew his cell phone and home telephone numbers; appellant knew his mother's address, and he and appellant had mutual friends who knew his whereabouts.
 {¶ 4} The court set a hearing on appellee's motion for relief from judgment. According to appellee, at that hearing, the court gave appellant 30 days to respond to appellee's assertions. No response appears in the record of this matter. On March 23, 2005, the court vacated the prior judgment and ordered a new hearing on the original name change application.
 {¶ 5} From this order, appellant now brings this appeal, asserting in two assignments of error that: 1) the trial court erred in failing to find a specific basis for relief pursuant to Civ.R. 60(B)(1)-(5); and, 2) the court abused its discretion by granting relief without a proper hearing.
 I. HEARING {¶ 6} The record shows that the trial court set a hearing on appellee's motion for relief from judgment. In his brief, appellee states that at that hearing the court allowed appellant 30 days to respond to appellee's affidavit. Appellant, in her brief, suggests that such a hearing should have been evidentiary, with a burden on appellee to prove his entitlement to relief pursuant to Civ.R. 60(B).
 {¶ 7} Appellant did not request a transcript of the hearing on appellee's motion. As a result, we have no means with which to ascertain what occurred there. Since the burden is upon appellant to demonstrate error by reference to the record, absent such a transcript we must presume the regularity of the proceedings. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Accordingly, appellant's second assignment of error is not well-taken.
 II. BASIS FOR VACATION {¶ 8} Proceedings for a name change are governed by R.C. 2717.01. The statute provides:
 {¶ 9} "(A) A person desiring a change of name may file an application in the probate court of the county in which the person resides. * * *
 {¶ 10} "Notice of the application shall be given once by publication in a newspaper of general circulation in the county at least thirty days before the hearing on the application. The notice shall set forth the court in which the application was filed, the case number, and the date and time of the hearing.
 {¶ 11} "Upon proof that proper notice was given and that the facts set forth in the application show reasonable and proper cause for changing the name of the applicant, the court may order the change of name.
 {¶ 12} "(B) An application for change of name may be made on behalf of a minor by either of the minor's parents * * *. When application is made on behalf of a minor, in addition to the notice and proof required pursuant to division (A) of this section, the consent of both living, legal parents of the minor shall be filed, or notice of the hearing shall be given to the parent or parents not consenting by certified mail, return receipt requested. * * * If no father is alleged, or if either parent or the address of either parent is unknown, notice pursuant to division (A) of this section shall be sufficient as to the father or parent. * * *"
 {¶ 13} R.C. 2717.01(B) makes clear that a parent of a minor child is a necessary party who must consent to the child's name change or be given notice of the proceedings so that he or she may be heard in the matter. See In the matter of Randolph, 11th Dist. No. 2003-T-0017, 2005-Ohio-414, at ¶ 8-9. In order to obtain personal jurisdiction over such a parent, her or she must voluntarily appear, commit acts which waive a jurisdictional defense or properly receive service of process. Id. at ¶ 8; Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156. A judgment entered without proper service is null and void. State ex rel. Ballard v.O'Donnell (1990), 50 Ohio St.3d 182, 183, citing Lincoln Tavern, Inc. v.Snader (1956), 165 Ohio St. 61, 64.
 {¶ 14} Both R.C. 2717.01(B) and Civ.R. 4.4 predicate effective service of process by publication upon the address of the party to be served being unknown. If the parent's address is known, or by the exercise of reasonable diligence may be discovered, then notice of hearing must be had by "certified mail, return receipt requested." See In the matter ofRandolph, supra, at ¶ 15; Civ.R. 4.4(A).
 {¶ 15} In this matter, the facts averred in appellee's affidavit, if unrefuted, are sufficient to establish that appellant knew or with the exercise of reasonable diligence could discover appellee's address. In such a circumstance, R.C. 2717.01 requires service by certified mail to establish personal jurisdiction over the nonconsenting parent. In re thematter of Randolph at ¶ 8. There was no service to appellee by certified mail; therefore, personal jurisdiction for him was never established. Absent personal jurisdiction, the judgment of the court is void. A judgment which is void due to a lack of personal jurisdiction constitutes a reason for vacating a judgment pursuant to Civ.R. 60(B)(5), GBS Corp.v. Creative Horizons, L.L.C. (Mar. 27, 2000), 5th Dist. No. 1999C-A-356, or, perhaps more properly, may be set aside within the court's inherent power to vacate a judgment undermined by a jurisdictional defect. Id. In either event, vacation of the judgment at issue was proper. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.