[Cite as *Hayes v. A. Bonamase Contracting, Inc.*, 2013-Ohio-5383.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MARVIN HAYES, | ) | |
| | ) | CASE NOS. 12 MA 62 |
| PLAINTIFF-APPELLEE, | ) | 12 MA 161 |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| A. BONAMASE CONTRACTING, | ) | |
| INC., et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |


CHARACTER OF PROCEEDINGS: Civil Appeal from Common Pleas Court, Case No. 10CV3005.

JUDGMENT: Default Judgment Vacated.


APPEARANCES:
For Plaintiff-Appellee: Attorney John Ams
134 Westchester Drive
Youngstown, Ohio 44515


For Defendants-Appellants: Attorney Thomas Michaels
839 Southwestern Run
Youngstown, Ohio 44514


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated: December 4, 2013

VUKOVICH, J.

{¶1} Defendant-appellant David Bonamase appeals the decision of the Mahoning County Common Pleas Court which granted default judgment for plaintiff-appellee Marvin Hayes and the later decision which denied appellant's motion for relief from that judgment. The record establishes that appellant was never served with the complaint and did not otherwise appear or waive personal jurisdiction. Consequently, the default judgment entered against David Bonamase is vacated.

STATEMENT OF THE CASE

{¶2} On August 6, 2010, Marvin Hayes filed a complaint against A. Bonamase Contracting, Inc. (the corporation), Scott Bonamase, and David Bonamase (appellant). Also sued was City Concrete, but that defendant has been dismissed with prejudice. The complaint asserted various claims arising out of a contract the plaintiff entered with the corporation to waterproof his basement and install a concrete driveway.

{¶3} The summons was issued to the defendants by certified mail on September 8, 2010. The summons issued to appellant was returned to the clerk on October 26, 2010 as unsuccessful with the comments that it was not deliverable as addressed and unable to forward. Notice of failure of service on appellant was provided to the plaintiff's counsel the next day.

{¶4} Also on that day, a motion was filed for an extension of time to plead or answer. Only the names of Scott Bonamase and the corporation were listed under the title of the motion, and the text of the motion only stated, "Defendant Scott A. Bonamase moves this Court * * *." The names typed under the signature line, however, were David Bonamase and the corporation, and the signature is more consistent with representing the name David than Scott Bonamase.

{¶5} On January 18, 2011, an answer was filed by an attorney. The text of the answer stated "the Defendant, A. Bonamase Contracting, Inc. et. al" but this was also the caption of the case, and with one exception, the answer repeatedly referred to defendant in the singular. Various papers concerning pretrials and mediation were sent to David Bonamase thereafter by regular mail and all were returned to the

clerk's office as not deliverable as addressed and unable to forward.  *See* Docket at Apr. 29, 2011, Nov. 18, 2011, Feb. 14, 2012, Feb. 28, 2012.

{¶6}   A motion to continue a scheduled mediation was filed in October 2011 by counsel on behalf of the corporation.   On January 23, 2012, counsel asked to withdraw as counsel for the defendant corporation due to a breakdown in the attorney-client relationship.   Court-ordered mediation occurred on February 8, 2012.  No one appeared on behalf of the Bonamase defendants.

{¶7}   On February 22, 2012, the plaintiff filed a motion for default judgment against the three Bonamase defendants in the amount of $6,984, attaching the plaintiff's affidavit which authenticated attached estimates for repairs resulting from breach of the contract.   The plaintiff's default motion stated that Scott and David entered a *pro se* appearance by filing the motion for an extension, noting that the movant was said to be Scott but the motion was signed by David.   The plaintiff concluded that over a year has passed without an answer being filed by Scott or David.

{¶8}   As to the corporation, the plaintiff noted that an answer was filed by counsel but counsel has withdrawn.   The plaintiff thus alleged the corporation failed to defend by failing to secure new counsel and pointed out that none of the Bonamase defendants attended the court-ordered mediation.   Counsel certified that he served the motion for default judgment by regular mail to the address listed in the January 2011 answer.

{¶9}   On February 28, 2012, the court granted judgment in favor of the plaintiff for $6,984 plus interest and costs against the three Bonamase defendants jointly and severally.   The court found that David and Scott failed to plead or otherwise defend and that the corporation failed to otherwise defend.  The court also noted that none of these defendants attended court-ordered mediation or the final pretrial.   David Bonamase filed a timely notice of appeal, resulting in Case No. 12MA62.

{¶10} On March 22, 2012, David Bonamase, through counsel, filed a motion for relief from judgment, alleging that the judgment was void because it was entered without personal jurisdiction and urged that he also established entitlement to Civ.R.

60(B) relief. The motion noted that service of the complaint was not successful and that plaintiff's counsel took no steps to further serve him with the complaint after being notified by the clerk that certified service was unsuccessful. David's attached affidavit stated that he has not resided at the address used for him in the October 2010 complaint since the year 2000. As to the motion for an extension of time to plead, he stated that the motion was filed by Scott Bonamase, not him. His affidavit added that he did not sign that motion or have any knowledge of it. His affidavit also stated that he no knowledge of the motion for default judgment.

{¶11} In his affidavit, David also stated: he has not had contact with the plaintiff since the year 2000; he did not enter the 2008 contract at issue and had no knowledge of the contract; he never made representations to the plaintiff about any services or materials; he is not an officer, agent, owner, employee, or person with interest in the corporation; and he is not an employee of Scott Bonamase and has no business affiliation with Scott.

{¶12} On August 23, 2012, the trial court denied the motion for relief from judgment filed by David Bonamase, and another appeal was filed resulting in Case No. 12MA161. The appeals have been consolidated in this court. The plaintiff has not filed an appellee's brief.

ASSIGNMENTS OF ERROR

{¶13} Appellant sets forth the following two assignments of error:

{¶14} "THE TRIAL COURT ERRED IN ENTERING A DEFAULT JUDGMENT AGAINST DEFENDANT-APPELLANT DAVID BONAMASE."

{¶15} "THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT DAVID BONAMASE'S MOTION FOR RELIEF FROM JUDGMENT."

{¶16} Appellant contends here that the court improperly granted default judgment where he was not served with process, did not waive service, and did not voluntarily submit to the court's jurisdiction. And, he urges the lack of personal jurisdiction raised in his motion for relief from judgment not only satisfied the Civ.R. 60(B) test but also required vacation of the judgment as void.

{¶17} Courts have inherent power to vacate a void judgment, including one lacking personal jurisdiction. *See Westmoreland v. Valley Homes Mut. Hsg. Corp.*,

42 Ohio St.2d 291, 328 N.E.2d 406 (1975); Staff Note to Civ.R. 60(B) (1970). *See also Kostoglou v. D&A Trucking & Excavating, Inc.*, 7th Dist. No. 06MA77, 2007-Ohio-3399, ¶ 17. A motion for relief from a void judgment is typically used by defendants who did not timely appeal the default judgment but wish to have that judgment declared void later without resorting to the requirements of Civ.R. 60(B). *See Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956) (judgment void where personal jurisdiction lacking due to faulty service of process). As appellant did timely appeal from the default judgment, the matter of personal jurisdiction is being addressed simultaneously in the direct appeal and in the consolidated appeal from the denial of relief from judgment.

{¶18} In order to render a valid personal judgment, the court must have personal jurisdiction over the defendant, which can be acquired by: (1) service of process; (2) the voluntary appearance and submission through an express written waiver or a responsive pleading to the merits of the case; or (3) involuntary submission by certain acts which constitute waiver of personal jurisdiction. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984).

{¶19} The docket establishes that the service of process by certified mail was returned as unsuccessful with the comments: not deliverable as addressed and unable to forward. Plaintiff's attorney was notified of this failure by the clerk. No further attempts at service were conducted. As such, David Bonamase correctly argues that the record shows that he was not served with process.

{¶20} Moreover, the plaintiff argued in seeking default and the trial court agreed that David Bonamase did not file an answer. Appellant agrees that he did not file an answer. He also did not file an express written waiver of service under Civ.R. 4(D). Thus, we are left with the question as to whether the *alleged* act of the defendant in seeking leave to plead constituted voluntary or involuntary submission or waiver of personal jurisdiction. *See Maryhew*, 11 Ohio St.3d at 156.

{¶21} The Supreme Court has concluded that two requests by a defendant's attorney for leave to move or otherwise plead did not constitute waiver of personal jurisdiction. *Id.* at 156-157 (also stating that there was no requirement to answer where service was not perfected within one year as no action had been commenced).

Such requests for extensions to plead "do not constitute motions made pursuant to Civ.R. 12(B), as referenced within Civ.R. 12(G)" and thus do not waive the defense of personal jurisdiction under Civ.R. 12(H). *Id.* at 158.

**{¶22}** In accordance, the trial court did not gain personal jurisdiction over David Bonamase by way of his *alleged* request for an extension of time to plead.[1] Service of process was not perfected upon David Bonamase, and no appearance was entered which would have waived service. Until the complaint was properly served, this defendant had no duty to proceed by way of an answer. Thus, default judgment should not have been granted as to David Bonamase, and the entry of default should have been vacated as void thereafter upon request. *See Westmoreland*, 42 Ohio St.2d at 294. *See also Karas v. Roar*, 7th Dist. No. 98JE4 (Mar. 21, 2000).

**{¶23}** For the foregoing reasons, the entry of default judgment against David Bonamase is vacated.

Donofrio, J., concurs.
Waite, J., concurs.

---

[1]We note that the filing of the request for leave to plead was allegedly attributable to David Bonamase due to his name appearing under the signature line even though it was not contained in the heading or in the text of the request where other defendants' names were contained. This would be an allegation properly considered in a Civ.R. 60(B) evaluation. However, because a request for leave does not waive personal jurisdiction and the lack of personal jurisdiction voids a default judgment, Civ.R. 60(B) is never reached here.