[Cite as *Mayiras v. Sunrise Motors, Inc.*, 2017-Ohio-279.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| ERIKA MAYIRAS | C.A. No. 27931 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUNRISE MOTORS INC., et al. | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No. 2015 CVI 1571 |

DECISION AND JOURNAL ENTRY

Dated: January 25, 2017

CARR, Presiding Judge.

{¶1} Appellants, Sunrise Motors, Inc. and GWC Warranty Corporation, appeal the judgment of the Stow Municipal Court that granted judgment in favor of appellee Erika Mayiras. This Court affirms.

I.

{¶2} Ms. Mayiras purchased a car from Sunrise Motors which provided a three-month warranty. After discovering problems with the car within the warranty period, Ms. Mayiras followed the warranty procedures identified in the contract to seek repairs. The repair facility informed Ms. Mayiras that the warranty was no longer valid due to non-payment by the car dealership. Ms. Mayiras filed a small claims complaint against Sunrise Motors and GWC, seeking reimbursement for repair costs that allegedly should have been covered by the warranty. Ms. Mayiras directed the clerk's office to serve the complaint on the respective presidents of Sunrise Motors and GWC, both of which were foreign companies with their principal places of

business in Pennsylvania. Certified mail service was effected on both business locations. The summons provided notice of the trial date.

{¶3} The matter was heard before a magistrate. Ms. Mayiras was present for trial, but no representative, legal or otherwise, was present on behalf of either defendant. The magistrate issued a decision rendering judgment in favor of Ms. Mayiras in the amount of $2842.56 plus interest. The magistrate's decision contained the appropriate Civ.R. 53(D) notice, informing the parties about matters relevant to the filing of objections. The decision further contained a notice indicating that it was served on all parties and counsel of record. Eighteen days later, the trial court issued an order noting that no party had filed objections to the magistrate's decision within the fourteen-day period allowed. The trial court approved and adopted the magistrate's decision and independently entered judgment in favor of Ms. Mayiras in the amount of $2842.56 plus interest. The order was served on all parties. Sunrise Motors and GWC filed a timely appeal, raising four assignments of error for review. This Court consolidates some assignments of error to facilitate review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST APPELLANTS SUNRISE AND GWC BECAUSE IT LACKED PERSONAL JURISDICTION OVER THE TWO PENNSYLVANIA RESIDENTS.

{¶4} In their first assignment of error, Sunrise Motors and GWC argue that the trial court erred in entering the judgment appealed because it lacked personal jurisdiction over them. Specifically, they contend that Ms. Mayiras had the burden of establishing that they had "sufficient minimum constitutional contacts with the State of Ohio," but that she failed to do so. They also argue that the trial court should have addressed personal jurisdiction sua sponte.

**{¶5}** It is well established that a judgment rendered by a court that lacks personal jurisdiction over a defendant is invalid. *Maryhew v. Yova,* 11 Ohio St.3d 154, 156-159 (1984). Generally, an objection to the lack of jurisdiction must be raised either in the defendant's answer or in a motion filed prior to the filing of an answer. *State ex rel. DeWine v. 9150 Group, L.P.*, 9th Dist. Summit No. 25939, 2012-Ohio-3339, ¶ 6. However, a defendant who does not appear in an action does not waive the defense and may challenge a "judgment as void for lack of personal jurisdiction by filing a common law motion to vacate or to set aside the judgment." *Id.* at ¶ 7.

**{¶6}** As a preliminary matter, we note that Sunrise Motors and GWC have not challenged personal jurisdiction by means of a collateral attack, but instead have raised it on direct appeal. As a result, this Court's consideration of the jurisdictional issue is limited to the documents filed in the trial court proceedings below. *See State v. Hill*, 90 Ohio St.3d 571, 573 (2001). Because Sunrise Motors and GWC did not appear, the record is necessarily without evidence presented on their behalf concerning this issue.

**{¶7}** Given this procedural posture, GWC and Sunrise Motors contend that it was Ms. Mayiras' burden to demonstrate personal jurisdiction and that she failed to do so. Ohio courts have consistently held, however, that demonstrating personal jurisdiction becomes the plaintiff's burden "[o]nce a defendant has challenged the trial court's personal jurisdiction over him or her." *ComDoc v. Advance Print Copy Ship Ctr.,* 9th Dist. Summit No. 24212, 2009-Ohio-2998, ¶ 3. Thus, in *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, the Ohio Supreme Court concluded that the burden to demonstrate personal jurisdiction became plaintiff's burden "upon the [defendant's] filing of a motion to dismiss." *Id.* at ¶ 27, citing *Fallang v. Hickey*, 40 Ohio St.3d 106, 107 (1988). *See also Wedemeyer v. U.S.S. F.D.R (CV–42) Reunion Assoc.,* 3d Dist. Allen No. 1–09–57, 2010-Ohio-1502, ¶ 37 (concluding that "[o]nce a

defendant moves to dismiss a complaint for lack of personal jurisdiction under Civ.R. 12(B)(2), the burden shifts to the plaintiff to establish jurisdiction over the nonresident defendant"); *Edwards v. Edwards*, 2d Dist. Montgomery No. CA8021, 1983 WL 2414, *3 (May 3, 1983) (holding that once personal jurisdiction is challenged, the plaintiff has the burden of making a prima facie showing of personal jurisdiction and supporting the factual allegations).

{¶8} Here, Sunrise Motors and GWC did not appear in the trial court action and, therefore, did not challenge the trial court's personal jurisdiction. Consequently, the burden did not fall upon Ms. Mayiras to demonstrate it. We also disagree that it was the trial court's duty to address personal jurisdiction sua sponte. Although this Court has held that a trial court may, in some instances, raise personal jurisdiction on its own, it has not determined that it must. *See Med Express v. Univ. of Colorado Denver*, 9th Dist. Medina No. 14CA0024-M, 2015-Ohio-144, ¶ 12.

{¶9} Based upon the record before us, therefore, we have no basis upon which to conclude that the trial court erred in entering judgment because it lacked personal jurisdiction. The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST APPELLANTS SUNRISE AND GWC BECAUSE THERE WAS NO PROOF THAT THEY WERE PROPERLY SERVED PURSUANT TO OHIO CIVIL RULES 4.3 AND 4.1.

{¶10} Sunrise Motors and GWC argue, in their second assignment of error, that the trial court lacked personal jurisdiction due to insufficient proof that they were properly served. Specifically, they contend that Ms. Mayiras failed to prove that service was proper under the Ohio Rules of Civil Procedure.

{¶11} As this Court has held, "a trial court 'lacks jurisdiction to consider a complaint where service of process was defective, and any judgment rendered on the complaint is void ab initio.'" *Buckingham, Doolittle & Burroughs, L.L.P. v. Healthcare Imaging Solutions, LLC,* 9th Dist. Summit No. 24699, 2010–Ohio–418, ¶ 13, quoting *Keathley v. Bledsoe,* 9th Dist. Summit No. 19988, 2001 WL 111571, *1 (Feb. 7, 2001). When a party complies with the service requirements of the Ohio Rules of Civil Procedure, however, a rebuttable presumption of proper service arises. *Medina v. Davis*, 9th Dist. Lorain No. 11CA009953, 2011-Ohio-4465, ¶ 6.

{¶12} Here, Sunrise Motors and GWC contend that service was insufficient because Ms. Mayiras did not prove that the individuals served with the complaint were officers of the corporations. Under Civ.R. 4.2(F), however, a corporation may be properly served in one of three ways: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ.R.4.1(A)(1); or by serving an officer or a managing or general agent of the corporation.

{¶13} According to the complaint, the summons, and the service documentation contained in the record, the summons and complaint were sent by certified mail to Sunrise Motors and GWC at what is listed as their places of business. According to these documents, therefore, service of process was made upon the corporations in compliance with the civil rules and is presumed to have been proper. Furthermore, because the record contains no evidence suggesting otherwise, the presumption of validity must stand.

{¶14} The record before us, therefore, contains no basis upon which to conclude that the trial court erred in entering judgment because of insufficient service. The second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

ASSUMING ARGUENDO THAT THE TRIAL COURT HAD JURISDICTION, THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST APPELLEE GWC WHEN IT EXPRESSLY FOUND THAT GWC DID NOT OFFER A WARRANTY TO THE PLAINTIFF.

## ASSIGNMENT OF ERROR IV

ASSUMING ARGUENDO THAT THE TRIAL COURT HAD PERSONAL JURISDICTION, THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST APPELLEE SUNRISE WHEN THERE WAS NO PROOF THAT THE REPAIRS DESCRIBED BY PLAINTIFF WERE COVERED UNDER THE WARRANTY[.]

**{¶15}** Sunrise Motors and GWC argue that the trial court erred by entering monetary judgment in favor of Ms. Mayiras, because there was no evidence to support her claim. This Court is precluded from addressing this argument.

**{¶16}** The magistrate heard the testimony of Ms. Mayiras and reviewed the evidence presented at trial, after which he issued a decision. Civ.R. 53 governs proceedings before a magistrate. Civ.R. 53(D)(3)(b)(iv) provides:

> *Waiver of right to assign adoption by court as error on appeal.* Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Neither Sunrise Motors nor GWC filed objections to the magistrate's decision. Moreover, they have not argued plain error on appeal. As this Court has consistently held, "when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal." *Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6, citing *Kiewel v. Kiewel*, 9th Dist. Medina No. 09CA0075-M, 2010-Ohio-2945, ¶ 17. As Sunrise Motors and GWC did not file objections to the

magistrate's decision challenging the factual findings and conclusions of law, they have forfeited those issues on appeal. The third and fourth assignments of error are overruled.

III.

{¶17} Sunrise Motor's and GWC's four assignments of error are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

MOORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DAVID W. HILKERT and ORVILLE L. REED, III, Attorneys at Law, for Appellants.

ERIKA MAYIRAS, pro se, Appellee.