[Cite as *In re Change of Name of W.A.G.*, 2017-Ohio-2997.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN RE:, | ) | CASE NO. 16 NO 0435 |
| | ) | |
| CHANGE OF NAME OF: | ) | |
| | ) | |
| W.A.G., | ) | |
| C.T.G., | ) | OPINION |
| P.C.G. | ) | |
| | ) | |
| | ) | |
| | ) | |
| CHARACTER OF PROCEEDINGS: | | DomRel Prob Appeal from the Probate Court of Noble County, Ohio Case No. 20169006 |
| | | |
| JUDGMENT: | | Vacated and Remanded. |
| | | |
| APPEARANCES: | | |
| | | |
| For Plaintiff-Appellee: | | Atty. Ryan Regel Yoss Law Office 425-1/2 Main Street Caldwell, Ohio 43724 |
| | | |
| For Defendant-Appellant: | | Gabriel Bocek, *pro se* 129 Timber Meadows Drive O'Fallon, Missouri 63366 |
| | | |
| JUDGES: | | |

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: May 25, 2017

ROBB, P.J.

{¶1} Defendant-Appellant Gabriel Bocek appeals the decision of Noble County Probate Court granting Plaintiff-Appellee Kimberly Baker's Applications for Change of Name of a Minor. Appellant, pro se, raises two discernable issues. The first is whether he was properly served with the Applications for Change of Name of a Minor and notice of the hearing on those Applications. The second is whether the probate court abused its discretion when it granted the applications.

{¶2} For the reasons expressed below, the trial court's decision is vacated. Appellant was not properly served with the Applications and notice of the hearing on those Applications. Accordingly, the trial court did not obtain personal jurisdiction over Appellant. This determination renders Appellant's second argument moot.

<u>Statement of the Case</u>

{¶3} On May 9, 2016 Appellee filed an Application for Change of Name of Minor pursuant to R.C. 2717.01 for each of the three children fathered by Appellant. Appellee sought to have the last name of all three children changed from Appellant's surname, Bocek, to her maiden name, Gregg. She also sought to have the youngest child's middle name become his first name and his middle name become Christian. The reasons Appellee asked for the name changes were she and her family would like the Gregg name to be carried on; she has a brother who has two daughters and will not be having any more children. She also stated she is the one raising the boys and Appellant does not consistently exercise visitation. Therefore, it would make for a more cohesive home unit. Also, Appellant has a criminal record; he allegedly recorded Appellee's daughter from a previous relationship getting undressed in the bathroom. Thus, she contends having their father's last name and the youngest child having his father's first name causes embarrassment and will impact their future negatively.

{¶4} A hearing on the applications was set for June 20, 2016. In the applications, Appellee stated Appellant was the alleged father and listed his address as 129 Timber Meadows Driver, O Fallon, Missouri. This is undisputedly the address for Appellant's parents, where he sometimes stays. Appellant was sent a notice of

hearing for the name change by certified mail to that address. The Notice of Hearing was also published in The Journal-Leader for a one week period.

**{¶5}** The certified mail was returned unsigned. The envelope stated, "RETURN TO SENDER UNCLAIMED UNABLE TO FORWARD." 6/8/16 Certified Mail Envelope.

**{¶6}** The hearing was held on June 20, 2016. Appellant did not attend the hearing. Appellee told the court the Missouri address, Appellant's parent's address, is the only address she has to contact Appellant. Tr. 4-5. Appellee told the court why she wanted the names changed; she wanted to carry on the Gregg name, she was never married to Appellant, she is the one who is raising the children, and Appellant has nothing to do with the children. Tr. 2. She further explained Appellant only saw them twice the previous year - once at Christmas time for a week and one 24 hour period in May. Tr. 3. She also stated Appellant does pay child support, but he is not always current. Tr. 4.

**{¶7}** The probate court granted the applications. 6/20/16 J.E. Appellant appealed the decision; his appeal was deemed timely because there was no notation on the docket he was served with the final order. 8/16/16 NOA; 11/2/16 J.E.

Arguments

**{¶8}** Appellant filed a letter with this court, which we stated would be construed as a brief. 12/29/16 Letter; 1/26/17 J.E. There are two discernable arguments in the letter. The first argument is Appellant was not properly served with notice of the hearing and applications. The second is the probate court abused its discretion in granting the application.

A. Service

**{¶9}** Appellant alleges he was not served with notice of the hearing and name change applications. This is a challenge to the probate court's personal jurisdiction over him.

**{¶10}** The Application for Change of Name of a Minor is governed by R.C. 2717.01(B). That provision provides:

(B) An application for change of name may be made on behalf of a

minor by either of the minor's parents, a legal guardian, or a guardian

ad litem. When application is made on behalf of a minor, in addition to the notice and proof required pursuant to division (A) of this section, the consent of both living, legal parents of the minor shall be filed, or notice of the hearing shall be given to the parent or parents not consenting by certified mail, return receipt requested. If there is no known father of the minor, the notice shall be given to the person who the mother of the minor alleges to be the father. If no father is so alleged, or if either parent or the address of either parent is unknown, notice pursuant to division (A) of this section shall be sufficient as to the father or parent.

Any additional notice required by this division may be waived in writing by any person entitled to the notice.

R.C. 2717.01(B).

{¶11} A parent of a minor child is a necessary party who must consent to the child's name change or be given notice of the proceedings so that he or she may be heard in the matter. R.C. 2717.01(B); *In re Name Change of Denny*, 6th Dist. No. L-05-1134, 2005-Ohio-5023, ¶ 13 (Father filed motion to vacate, which was denied. He appealed the decision denying the motion to vacate.) *See also In re Name Change of T.N.M.W.*, 2d Dist. No. 2015-CA-4, 2015-Ohio-2790, ¶ 11. In order to obtain personal jurisdiction over the non-moving parent, such parent must voluntarily appear, commit acts which waive a jurisdictional defense, or properly receive service of process. *Id.* A judgment rendered by a court that lacks personal jurisdiction over a defendant is invalid. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156–159, 464 N.E.2d 538 (1984). Thus, a judgment entered without proper service is null and void. *In re Name Change of Denny* at ¶ 13.

{¶12} Generally, defendants who do not appear in the trial court proceedings challenge the trial court's lack of personal jurisdiction by filing in the trial court a common law motion to vacate the final judgment as void for lack of personal jurisdiction. *Mayiras v. Sunrise Motors, Inc.*, 9th Dist. No. 27931, 2017-Ohio-279, ¶ 5; *Hayes v. A. Bonamase Contracting, Inc.*, 7th Dist. No. 12 MA 62, 12 MA 161, 2013-Ohio-5383, ¶ 17. Civ.R. 60(B) motions to vacate are not applicable in this situation because a judgment entered without personal jurisdiction is void and the

authority to vacate such a judgment "is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." *C & W Investment Co. v. Midwest Vending, Inc.*, 10th Dist. No. 03AP–40, 2003–Ohio–4688, at ¶ 7, citing *Lincoln Tavern v. Snader*, 165 Ohio St. 61, 133 N.E.2d 606 (1956), paragraph one of the syllabus.

**{¶13}** Appellant, however, has not challenged personal jurisdiction by means of a collateral attack, i.e., a motion to vacate. Rather, he has raised the issue on direct appeal, which is permissible. *Mayiras*, 2017-Ohio-279 at ¶ 5-6; *Hayes*, 2013-Ohio-5383 at ¶ 17. By raising the argument on direct appeal and not through a collateral attack, our consideration of the jurisdictional issue is limited to the documents filed in the trial court proceedings below. *Mayiras*, 2017-Ohio-279 at ¶ 6, citing *State v. Hill,* 90 Ohio St.3d 571, 573, 740 N.E.2d 282 (2001).

**{¶14}** The record before us indicates the notice was published in accordance with R.C. 2717.01(A) and Appellee attempted to have Appellant served by certified mail, return receipt requested, in accordance with R.C. 2717.01(B). The record indicates the address on the certified mail was the address Appellee used to contact Appellant; it was his parents' address. Furthermore, this is also the address he used for purposes of filing his appeal. The certified mail, however, was not returned to the Clerk of Courts signed. Rather, the envelope stated, "RETURN TO SENDER UNCLAIMED UNABLE TO FORWARD." 6/08/16 Envelope.

**{¶15}** R.C. 2717.01 indicates the moving parent must cause notice to be published in the newspaper of general circulation in the county at least thirty days before the hearing on the application. R.C. 2717.01(A)(2), (B). The moving parent must also serve the nonmoving parent by certified mail when the nonmoving parent's address is known. R.C. 2717.01(B). If the address of the nonmoving parent is not known published notice pursuant to division (A) is sufficient notice. R.C. 2717.01(B).

**{¶16}** Here, Appellant's address was known; however, the certified mail came back unclaimed. The fact that the certified mail was returned unclaimed did not render Appellant's address unknown and permit only published notice. Rather, Appellee should have utilized Civ.R. 4 to perfect service on Appellant. *See State ex rel. Loyd v. Lovelady*, 108 Ohio St.3d 86, 2006-Ohio-161, 840 N.E.2d 1062, ¶ 6

("Section 5(B), Article IV of the Ohio Constitution states that the Supreme Court is vested with exclusive authority to 'prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.' Pursuant to this constitutional authority, the court has adopted the Rules of Civil Procedure, which 'prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction.' Civ.R. 1(A)").

{¶17} Civ.R. 4.6 titled Process: Limits; Amendment; Service Refused; Service Unclaimed provides the next step a plaintiff is required to take to have a complaint served on a defendant when certified mail is unclaimed. Section (D) of that rule provides:

### (D) United States certified or express mail service unclaimed

If a United States certified or express mail envelope attempting service within or outside the state is returned with an endorsement stating that the envelope was unclaimed, the clerk shall forthwith notify the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact and method of notification on the appearance docket. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing

failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party.

Ohio Civ. R. 4.6.

**{¶18}** This rule indicates when certified mail is unclaimed, service can be perfected by regular U.S. mail if the regular mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.

**{¶19}** In holding Civ.R. 4.6 is applicable to the matter at hand, we note our sister districts have also looked to Civ.R. 4 to determine the requirements for publication under R.C. 2717.01. *In re Name Change of Denny*, 6th Dist. No. L-05-1134, 2005-Ohio-5023, ¶ 14; *In re Randolph*, 11th Dist. Nos. 2003-T-0017, 2003-T-0018, 2005-Ohio-414, ¶ 53. Those courts referred to and applied Civ.R. 4.4, which is titled Process: service by publication. *In re Name Change of Denny*; *In re Randolph*. In *Randolph*, the non-moving parent sought vacation of the name change for multiple reasons, one of which was the publication notice failed to state his name and last known address. *In re Randolph* at ¶ 53. Nonmoving parent argued publication failed to comply with Civ.R. 4.4. *Id.* In holding the publication was required to comply with Civ.R. 4.4, the appellate court noted R.C. 2717.01(A) does not specifically require non-moving parent's name and last known address to be included in the publication. *Id.* However, since R.C. 2717.01(B) expressly provides for service on a nonconsenting parent, the appellate court held Civ.R. 4.4 applies and requires a notice by publication to include the name and last known address of the nonconsenting parent. *Id.*

**{¶20}** We agree with the reasoning from our sister districts and find it to be persuasive authority for holding Civ.R. 4.6 applicable to R.C. 2717.01(B) when certified mail is returned unclaimed.

**{¶21}** Application of Civ.R. 4.6 to the facts of this case indicate the probate court did not obtain personal jurisdiction over Appellant. The record indicates there was no attempt of service by regular mail; there is no indication on the record Appellee directed the clerk of court to attempt service by regular mail. Thus, there was no compliance with Civ.R. 4.6. The probate court's decision is void and must be vacated.

## B. Merits of the Applications for Name Change

**{¶22}** Appellant's second argument is the probate court abused its discretion when it granted the applications for name change. Our resolution of the personal jurisdiction argument renders this argument moot. As such, it will not be addressed.

## Conclusion

**{¶23}** In conclusion, the probate court did not acquire personal jurisdiction over Appellant. Accordingly, the probate court's decision is vacated.

Waite, J., concurs.

DeGenaro, J., concurs.