[Cite as *Asamoah v. GM Fin.*, 2022-Ohio-2301.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Michael Asamoah, :

    Plaintiff-Appellant, : No. 21AP-641
(C.P.C. No. 21CV-37)

v. :

        (ACCELERATED CALENDAR)

GM Financial, :

    Defendant-Appellee. :

---

D E C I S I O N

Rendered on June 30, 2022

---

**On brief**: *Michael Asamoah*, pro se. **Argued**: *Michael Asamoah.*

**On brief**: *McGlinchey Stafford*, and *James W. Sandy*, for appellee. **Argued**: *James W. Sandy.*

---

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} Plaintiff-appellant Michael Asamoah appeals from a judgment of the Franklin County Court of Common Pleas that granted the motion of defendant-appellee GM Financial ("GMF") to compel arbitration and stay proceedings in one case (21CV-6051) while denying Mr. Asamoah's motions for default judgment in that case and in another (21CV-37) in which arbitration already had been ordered and a default judgment motion denied.

{¶ 2} On January 5, 2021, Mr. Asamoah filed a pro se complaint against GMF in case No. 21CV-37, alleging he "has an account with GM[F]" arising out of the purchase and financing of a Mercedes Benz automobile. Mr. Asamoah further alleged that GMF had "interfered with [his] right of possession" of the car by "unlawfully repossessing" it.

Complaint at 4. The complaint asserted causes of action for violations of Ohio consumer laws (including the Ohio Retail Installment Sales Act), trespass, assault, false imprisonment, infliction of severe emotional distress, "[b]reach of [p]eace," and "[t]respass to [c]hattel." Complaint at 7, 8.

{¶ 3} On February 3, 2021, Mr. Asamoah filed a motion for default judgment, asserting he had "filed a complaint against [GMF] on January 5, 2021," and that GMF "was served by ordinary mail" and had "failed to answer [his] [c]omplaint by the deadline." Motion for Default Judgment at 1.

{¶ 4} Also on February 3, 2021, GMF filed a memorandum in opposition to Mr. Asamoah's motion for default judgment, as well as a motion for leave to plead. In the memorandum in opposition, GMF argued it was "not in default," as Mr. Asamoah "attempted ordinary mail service * * * on January 5, 2021" and there was "nothing in the record to reflect when the ordinary mail service was actually received by GMF at the P.O. Box." GMF Memorandum in Opposition at 1. GMF further argued that Mr. Asamoah "has not effectuated proper service on GMF" under Civ.R. 4.2(F). *Id.* at 2. In its motion for leave to plead, GMF similarly asserted that Mr. Asamoah had "attempted to serve GMF at a P.O. Box in Arlington, Texas," and that "[t]his is not GMF's registered agent for service of process." GMF Motion for Leave at 1.

{¶ 5} By entry filed February 19, 2021, the trial court denied Mr. Asamoah's motion for default judgment and granted GMF's motion for leave to plead. In its entry, the trial court held in part that, while Civ.R. 4.6 "provides alternative methods of service after certified mail service under Civ.R. 4.1(A) is either unclaimed or refused," Mr. Asamoah's "service on [GMF] via ordinary mail is insufficient." February 19, 2021 Entry at 1-2. The trial court further held: "It also does not appear that [Mr. Asamoah] served the Defendant corporation in the manner required by Civ.R. 4.2(F)." *Id.* at 2.

{¶ 6} Mr. Asamoah filed an appeal from the trial court's February 19, 2021 entry denying his motion for default judgment. By journal entry filed April 26, 2021, this court dismissed the appeal for lack of a final order.

{¶ 7} On March 5, 2021, GMF filed an answer asserting arbitration as an affirmative defense and further raising the defense of insufficient service of process. On July 13, 2021, GMF filed a motion to "compel arbitration, dismiss case, or, alternatively,

stay case pending arbitration." In its motion, GMF argued that Mr. Asamoah had executed an agreement to "arbitrate his claims against Defendant Americredit Financial Services, Inc., dba GM Financial," and that his claims against GMF "clearly fall within the scope of that agreement." July 13, 2021 Motion to Compel at 1.

{¶ 8} On October 13, 2021, GMF filed a motion to consolidate the case in that matter (case No. 21CV-37) with a case "recently filed" by Mr. Asamoah (case No. 21CV-6051, filed September 24, 2021). Motion to Consolidate at 1. GMF argued that "this new action is almost identical to the previously filed action commenced by [Mr. Asamoah]," and that "[b]oth actions involve the same parties and the claims are essentially the same and all predicated upon the same alleged facts." *Id.* On October 18, 2021, Mr. Asamoah filed a memorandum in opposition to GMF's motion to consolidate. GMF filed a reply in support of its motion to consolidate on October 19, 2021.

{¶ 9} By decision and entry filed October 20, 2021, the trial court granted GMF's motion to compel arbitration in case No. 21CV-37, and further granted GMF's request to stay the case pending arbitration. In its decision, the trial court made findings that Mr. Asamoah, on October 29, 2018, "purchased a 2009 Mercedes * * * from Crown Motor Company, Inc." and that, as part of that purchase, he "executed a Retail Buyer's Order * * * as well as a Retail Installment Contract." October 20, 2021 Decision & Entry at 1. The court further found the "Buyer's Order made clear that the parties contemplated and agreed that the documents were all part of the same transaction and incorporated into each other," and that the contract and "accompanying documents were assigned to GMF." *Id.* at 1-2. The court determined that "there is no dispute that there is a valid arbitration provision [that] governs the issues raised in [Mr. Asamoah's] Complaint," and that "all [of his] claims fall within the scope of the Arbitration Agreement." *Id.* at 3. The trial court therefore ordered the parties to arbitrate, *id.* at 4. Mr. Asamoah did not promptly appeal from that order.

{¶ 10} On October 26, 2021, Mr. Asamoah filed a motion for default judgment in case No. 21CV-6051. On October 27, 2021, GMF filed a motion to compel arbitration of that case and to stay proceedings there. Also on October 27, 2021, the trial court granted GMF's motion to consolidate case No. 21CV-6051 with case No. 21CV-37. On November 3, 2021, Mr. Asamoah filed a memorandum in opposition to GMF's motion to compel arbitration in and stay case No. 21CV-6051.

{¶ 11} On November 8, 2021, Mr. Asamoah filed a "second motion for default judgment" under the two consolidated case numbers. On November 9, 2021, GMF filed a memorandum in opposition to that motion for default judgments.

{¶ 12} In its decision and entry of November 17, 2021 from which Mr. Asamoah appeals, the trial court granted GMF's motion to compel arbitration in case No. 21CV-6051 and to stay that case pending arbitration. The trial court denied Mr. Asamoah's October 26, 2021 motion for default judgment in case No. 21CV-6051, and also denied his second motion for default judgment in the two cases. In its decision, the trial court found, as it had in granting the motion to compel arbitration in case No. 21CV-37, that a valid arbitration provision governed the issues raised in the complaint, and that all of Mr. Asamoah's claims "fall within the scope of the Arbitration Agreement." November 17, 2021 Decision & Entry at 4.

{¶ 13} On appeal, Mr. Asamoah sets forth the following four assignments of error for this court's review:

> [I.] The Court of Common Pleas erred and abused its discretion in granting Defendant's Motion to Compel Arbitration and Stay Case Pending Arbitration.
>
> [II.] The Franklin County Common Pleas Court erred in denying Plaintiff's Motion for Default Judgment filed on October 26, 2021.
>
> [III.] The Court of Common Pleas erred and abused its discretion in denying Plaintiff's Second Motion for Default Judgment filed on November 8, 2021.
>
> [IV.] The Franklin County Court of Common Pleas abused its discretion and violated Plaintiff's constitutional rights.

{¶ 14} Mr. Asamoah's assignments of error are interrelated, and we consider them together. Under these assignments of error, he contends the trial court erred in granting GMF's motion to compel arbitration and in denying his motions for default judgment. Mr. Asamoah further maintains that the trial court violated his constitutional rights.

{¶ 15} In general, " '[b]oth the Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration.' " *Crosscut Capital, LLC v. DeWitt*, 10th Dist. No. 20AP-222, 2021-Ohio-1827, ¶ 10, quoting *Hayes v. Oakridge Home*, 122

Ohio St.3d 63, 2009-Ohio-2054, ¶ 15. Under Ohio law, "R.C. Chapter 2711 governs arbitration," and "R.C. 2711.01 provides that an arbitration agreement or provision in a written contract 'shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.' " *Id.* at ¶ 11, quoting R.C. 2711.01. In accordance with R.C. 2711.02(B), "a party to an arbitration agreement or provision may obtain a stay of litigation in favor of arbitration." *Id.*

{¶ 16} At the outset, because it raises a jurisdictional issue, we address GMF's contention that Mr. Asamoah failed timely to appeal in case No. 21CV-37 from the trial court's decision and entry of October 20, 2021 that granted GMF's motion to compel arbitration and stay that case pending arbitration. We agree.

{¶ 17} R.C. 2711.02(B) states in part: "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court * * * shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *." R.C. 2711.02(C) provides in part: "[A]n order under division (B) * * * that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." *See also White v. Equity, Inc.*, 191 Ohio App.3d 141, 2010-Ohio-4743, ¶ 15 (10th Dist.), citing R.C. 2711.02(C) ("An order granting or denying a motion for stay pending arbitration is a final, appealable order"); *Mynes v. Brooks,* 124 Ohio St.3d 13, 2009-Ohio-5946, ¶ 13 ("R.C. 2711.02(C) permits a party to appeal a trial court order that grants or denies a stay of trial pending arbitration, even when the order makes no determination pursuant to Civ.R. 54(B)"); *Pearson v. ManorCare Health Servs.,* 8th Dist. No. 2014-L-047, 2015-Ohio-5460, ¶ 63 (noting that appeal under R.C. 2711.02(C) from judgment denying motion to stay pending arbitration "is a final order from which an immediate appeal can be taken" and that "[a]s part of" that appeal, "appellants are entitled to contest the merits of any interlocutory order pertaining to the substance of the stay issue").

{¶ 18} Pursuant to App.R. 4(A), a party is required to "file a notice of appeal within 30 days of the entry of the order being appealed." *Landa v. Campuseai, Inc.,* 8th Dist. No. 103013, 2016-Ohio-298, ¶ 18. Accordingly, "[o]nce the court either grants or denies a stay

pending arbitration, the order becomes final and must be appealed if the party intends to challenge the court's decision." *Id.*, citing *Fazio v. Gruttadauria*, 8th Dist. No. 90562, 2008-Ohio-4586, ¶ 20, citing *Schmidt v. Bankers Title & Escrow Agency, Inc.*, 8th Dist. No. 88847, 2007-Ohio-3924, ¶ 11.

{¶ 19} Here, in case No. 21CV-37, the trial court filed a decision and entry on October 20, 2021 granting GMF's motion to compel arbitration and to stay trial court proceedings. That matter was "immediately appealable," *Harlamert v. Fischer Attached Homes*, 1st Dist. No. C-020462, 2003-Ohio-674, ¶ 4 ("trial court's * * * grant of a motion to stay proceedings pending arbitration is immediately appealable pursuant to R.C. 2711.02(C)"), but Mr. Asamoah did not file a notice of appeal within 30 days of that entry. The " '[f]ailure to comply with App.R. 4(A) is a jurisdictional defect and is fatal to any appeal.' " *Boulware v. Chrysler Group, L.L.C.*, 10th Dist. No. 13AP-1061, 2014-Ohio-3398, ¶ 11, quoting *Foreman v. Lucas Cty. Court of Common Pleas*, 189 Ohio App.3d 678, 2010-Ohio-4731, ¶ 6 (10th Dist.).

{¶ 20} That failure precludes us from considering Mr. Asamoah's appeal in case No. 21CV-37. We observe that the notice of appeal filed by Mr. Asamoah on December 2, 2021 (following the trial court's entry of October 27, 2021, granting GMF's motion to consolidate case No. 21CV-37 with the case filed by Mr. Asamoah in case No. 21CV-6051, and the court's entry of November 17, 2021, granting GMF's motion to compel arbitration and stay case pending arbitration in case No. 21CV-6051) at least originally referenced both case Nos. 21CV-37 and 21CV-6051, and pointed to the trial court's November 17, 2021 Decision that addressed both cases. The notice contains what appears to be a handwritten line striking through "21CV-6051," although the record is not clear as to who was responsible for the strikethrough or why it was made. But even if we assume for purposes of argument that case No. 21CV-6051 is properly before us, Mr. Asamoah's appeal fails as to that case as well.

{¶ 21} Significantly, Mr. Asamoah does not challenge the trial court's holding that the claims raised were subject to arbitration. Rather, he contends that the trial court lacked jurisdiction to grant GMF's motion to compel arbitration and to stay proceedings because GMF was in default for failing to file a timely answer. That argument would fail on the merits.

{¶ 22} The trial court, in its entry denying Mr. Asamoah's (first) motion for default judgment in case No. 21CV-37, determined the record there failed to indicate that Mr. Asamoah properly had served GMF with the complaint and summons. Specifically, the trial court noted "[t]he record reflects that [Mr. Asamoah] requested service on [GMF] via ordinary mail," which the court held to be "insufficient" service of process under the circumstances. February 19, 2021 Entry at 1-2. The trial court further found that Mr. Asamoah had failed to serve "the Defendant corporation in the manner required by Civ.R. 4.2(F)." *Id.* A review of the record supports those determinations. And Mr. Asamoah has acknowledged the same problem as to case No. 21CV-6051. *See* November 17, 2021 Decision & Entry at 6 ("[Mr. Asamoah] admits that he only sought service via ordinary mail, which is not sufficient under the Ohio Civil Rules of Procedure.").

{¶ 23} Civ.R. 4.1 sets forth "the methods for obtaining service of process within this state, including service via certified mail." *TCC Mgt. v. Clapp*, 10th Dist. No. 05AP-42, 2005-Ohio-4357, ¶ 11. In accordance with Civ.R. 4.1(A), "service may be made by certified or express mail, personal service, or residential service." *Chilcote v. Kugelman*, 8th Dist. No. 98873, 2013-Ohio-1896, ¶ 11. Where certified mail is "unclaimed or refused, the Rules of Civil Procedure permit service by ordinary mail, and deem service complete by ordinary mail when that mail is not returned as undeliverable." *Mun. Tax Invest., LLC v. Pate*, 10th Dist. No. 16AP-218, 2016-Ohio-7791, ¶ 11, citing Civ.R. 4.6(D). *See also, 4030 W. Broad, Inc. v. Neal,* 10th Dist. No. 20AP-31, 2021-Ohio-3685, ¶ 26, quoting *Hamilton v. Digonno*, 12th Dist. No. CA2005-03-075, 2005-Ohio-6552, ¶ 10 ("If applicable, ordinary mail service 'is to be requested only after the failure of certified mail service' ").

{¶ 24} Civ.R. 4.3 addresses out-of-state service and "Civ.R. 4.3(B)(1) incorporates the methods of service by the clerk 'as provided in Civ.R. 4.1(A)(1) through Civ.R. 4.1(A)(3).' " *Pate* at ¶ 11, quoting Civ.R. 4.3(B)(1). Accordingly, Civ.R. 4.3 "requires that service of process first be attempted by certified mail." *Natl. City Bank v. Akbar*, 2d Dist. No. 18929 (Jan. 25, 2002). If certified mail is attempted and returned unclaimed, a party is "required to comply with Civ.R. 4.6(D) for service of process." *United Home Fed. v. Rhonehouse,* 76 Ohio App.3d 115, 124 (6th Dist.1991). "Civ.R. 4.6(D) requires that service then be made by ordinary mail." *Id.*

{¶ 25} Civ.R. 4.2(F) governs service of process on a corporation and, under the provisions of that rule, "a corporation may be properly served in one of three ways." *Mayiras v. Sunrise Motors, Inc.*, 9th Dist. No. 27931, 2017-Ohio-279, ¶ 12. Specifically, "service may be made upon a corporation, either domestic or foreign, by serving the agent authorized by appointment or by law to receive service of process, by serving the corporation by certified or express mail at any of its usual places of business, or by serving an officer or a managing or general agent of the corporation." *Miley v. STS Sys.*, 153 Ohio App.3d 752, 2003-Ohio-4409 ¶ 21 (10th Dist.). *See also Mayiras* at ¶ 12 (noting proper methods of service on corporation are "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ.R. 4.1(A)(1); or by serving an officer or a managing or general agent of the corporation").

{¶ 26} Mr. Asamoah does not contend and the record does not reflect that he has ever attempted in either of his two cases to serve GMF by certified mail; rather, he acknowledges using only ordinary mail service (by sending the complaint and summons to a P.O. Box in Texas). The Civil Rules of Procedure permit service by ordinary mail only under limited circumstances, and the record in this case fails to indicate that Mr. Asamoah properly served GMF under the methods of service provided by Civ.R. 4.1 and 4.3. And the record does not show he complied with any of the alternative methods for serving a corporation under Civ.R. 4.2(F). Specifically as to case No. 21CV-6051, Mr. Asamoah similarly attempted service only by ordinary mail (as acknowledged in his motion for default judgment there: "Defendant GM Financial was served by ordinary mail"). October 26, 2021 Motion for Default Judgment at 1 (case No. 21CV-6051).

{¶ 27} In general, "proper service of process is needed before a trial court can render a valid default judgment." *Bowling v. Grange Mut. Cas. Co.*, 10th Dist. No. 05AP-51, 2005-Ohio-5924, ¶ 26. Even then, a trial court has discretion as to whether and when to order default. *See, e.g., 533 Short N. L.L.C. v. Zwerin*, 10th Dist. No. 14AP-1016, 2015-Ohio-4040, ¶ 50 ("A trial court has discretion to grant or deny a motion for default judgment"). Where Mr. Asamoah had failed properly to perfect service on GMF by the time he filed his motion(s) for default judgment, he cannot demonstrate that the trial court abused its discretion in denying his motion(s) for default judgment. *See Iqbal v. Wells Fargo Bank*,

*N.A.*, 10th Dist. No. 14AP-31, 2014-Ohio-3156, ¶ 20 (trial court did not abuse its discretion in denying appellant's motion for default judgment where appellant had failed to perfect service on defendant corporation in accordance with Civ.R. 4.2(F) at time he filed motion for default judgment and defendant corporation, despite the lack of service, appeared in the action and requested extension of time to file responsive pleading).

{¶ 28} Further still, as the trial court observed, GMF "submitted evidence that it received the Summons and Complaint [in case No. 21CV-6051] on October 4, 2021, and [GMF] filed its answer by October 27, 2021, which is well within" the time contemplated by rule. November 17, 2021 Decision & Entry at 6. Mr. Asamoah's argument that the trial court erred in granting GMF's motion to compel arbitration and to stay case, an argument predicated solely on his contention that GMF was in default for failing to timely answer, is without merit.

{¶ 29} Mr. Asamoah further argues that his due process rights were violated because the trial court "erred as a matter of law and abused its discretion when it denied [his] motions." Appellant's Brief at 15. But because he cannot demonstrate that the trial court erred in denying the motions for default judgment and in granting GMF's motion to compel arbitration, his due process argument never gets off the ground.

{¶ 30} Finally, Mr. Asamoah has filed with this court a motion, pursuant to Civ.R. 11, seeking to impose sanctions against counsel for GMF because "there were no good grounds to support their briefs, pleadings, motions and other documents." Appellant's Motion to Impose Sanctions at 4. This court has held that "Civ.R. 11 does not apply to conduct in the court of appeals." *Estate of Garza v. Onesto*, 10th Dist. No. 15AP-1031, 2016-Ohio-5531, ¶ 15, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621, *McGowan v. Stoyer*, 10th Dist. No. 02AP-263, 2002-Ohio-5410, ¶ 26. More fundamentally still, there is no merit to Mr. Asamoah's unsupported and conclusory argument as directed to counsel for the prevailing party. We deny his motion for sanctions.

{¶ 31} We overrule Mr. Asamoah's first, second, third, and fourth assignments of error. Mr. Asamoah's appeal in case No. 21CV-37 is dismissed in that case where he challenges an interlocutory order denying a default judgment in a matter stayed pending arbitration. To the extent that Mr. Asamoah has appealed in case No. 21CV-6051, we affirm

the judgment of the Franklin County Court of Common Pleas including its order to compel arbitration and stay court proceedings.

*Appeal dismissed in case No. 21CV37;*
*judgment affirmed in case No. 21CV-*
*6051.*

LUPER SCHUSTER, P.J., and JAMISON, J., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____